## HARRIS *v*. BERNSTEIN.

1. APPEAL AND ERROR—DIRECTED VERDICT.

   In the case of a directed verdict, the evidence on behalf of the appellant is to be treated in the light most favorable to appellant.

2. NEGLIGENCE—AUTOMOBILES—PERSONAL INJURIES—LAW OF THE ROAD.

   In an action for personal injuries caused by a collision between two automobiles at a public street crossing, the questions of defendant's negligence and plaintiff's contributory negligence should have been submitted to the jury, where there was testimony that plaintiff's machine was where it had a right to be, while defendant's machine was on the left of the center of the street, instead of the right, contrary to the law of the road (Act No. 318, Pub. Acts 1909).

Error to Wayne; Murphy, J.  Submitted February 6, 1919.  (Docket No. 94.)  Decided April 3, 1919.

Case by Nellie H. Harris against Albert E. Bernstein for personal injuries.  Judgment for defendant on a directed verdict.  Plaintiff brings error.  Reversed.

*McIntyre & Robinson*, for appellant.

*Corliss, Leete & Moody* and *Benjamin S. Pagel*, for appellee.

MOORE, J.  On the afternoon of March 24, 1914, plaintiff went on an automobile ride with two other ladies.  They were driving south on Antoine street, which runs in a northerly and southerly direction and approached Columbia street which intersects Antoine street at right angles.  The accident out of which this action arose occurred at the intersection of these

See notes in 41 L. R. A. (N. S.) 323, 337, 346.

two streets. Only two witnesses gave testimony as to the facts of the accident. The defendant was sworn. He was called under the statute by the plaintiff to show his ownership of the machine, but did not give his version of what occurred. The court directed a verdict for the defendant on the ground that the evidence showed that plaintiff's driver was guilty of contributory negligence, and that it failed to show the defendant was guilty of any negligence. The case is brought here by writ of error and the question is, Should it have been submitted to the jury?

It has long been the law in case of a directed verdict that the evidence on behalf of the appellant is to be treated in the light most favorable to appellant. *Foley* v. *Railway Co.,* 179 Mich. 587; *Spreng* v. *Railway,* 197 Mich. 343.

The diagram on opposite page was offered in evidence.

It was stipulated in relation thereto as follows:

"The diagram hereto attached may be inserted in the record of the cause for the purpose of illustration to indicate to the court the approximate distances and locations and it is the intention of the parties hereto that the objects indicated on such diagram and the distances given thereon shall be conclusive as to such objects and distances only so far as corroborated by the testimony."

We quote from the testimony of the plaintiff:

"I have ridden in automobiles ever since they have been, and know that we were driving at a moderate rate of speed and, as compared to the rate of speed which we were driving, the car which collided with us was going at a faster rate of speed. I saw the car before it collided with us. I know that the lady who was driving our car blew her horn for I heard it. * * * After the impact of the collision it had the effect to turn our car * * * it knocked the hind end of our car around and we came to a stop in front of * * * the store on the southeast corner. * * * I

only saw his automobile at a glance. I saw it was
coming toward us. Mrs. Hunt screamed just before
we were struck. Our automobile was on the south
side of the intersection of Antoine and Columbia streets
at that time. Her automobile was in front of the
automobile that was coming toward us, when she
screamed but it struck her back wheel. I thought it
was going to strike us quite square or broadside but
our machine moved forward a sufficient distance so
that it struck the back wheel and that shoved our
automobile around.  *  *  *

"*Q.* How far across the street did it knock you?

"*A.* We were nearly across the street when it struck.
*  *  * I was not watching Mrs. Walters. I was
watching the other automobile. She moved—turned
out more, but I did not see her because I was watching
the other machine. We had reached the corner of
Antoine and Columbia when I saw it coming (point-
ing) about where the mark is. I looked up Columbia
street and saw the car coming down Columbia street.
I would say that at that time we were at the inter-
section of Antoine and Columbia street, a little to the
north side just about opposite the north curb of Co-
lumbia street when I first saw it. The other auto-
mobile was coming down Columbia. I am sure it was
his machine that struck us and that it was going faster
than we were, quite a bit faster. We were not going
fast. I saw the other car coming across the street up
Columbia street a little way. I could not say how
many feet, possibly 50 feet. I could not say how
many feet back, but it was before they had reached
Antoine street. It was before they had reached An-
toine street that I saw it. We were then at the north
curbstone of the intersection, the north curb of Co-
lumbia. I could not tell how many miles per hour we
were traveling. I thought the other automobile was
going to run directly into the side of our car, just
before we struck.  *  *  *

"*Q.* You say you don't pretend to know about the
number of feet or inches in making estimates?

"*A.* No, sir.

"*Q.* You do not know that had the doctor here been
on the opposite side of the street, continuing in a
straight line, would there have been room enough be-

tween that straight line, if he had continued, between
then and the time you struck, to have gone by without
your hitting him?

"*A.* Yes, sir."

This testimony shows the substantial accuracy of
the diagram.

The statutory enactments of this State in force at
the time of this accident bearing on this point read:

"Whenever any persons shall meet each other on
any bridge or road, traveling with carriages, wagons,
carts, sleds, sleighs or other vehicles, each person shall
seasonably drive his carriage or other vehicle to the
right of the middle of the traveled part of such bridge
or road, so that the respective carriages, or other ve-
hicles aforesaid, may pass each other without inter-
ference." Section 4291, 2 Comp. Laws 1897.

This statute is entitled "The Law of the Road."
Section 6, subdivision 4, of Act No. 318 of the Public
Acts of 1909, provides:

"Whenever a person operating a motor vehicle shall
meet on a highway any other person riding or driving
a horse or horses or other draft animals or any other
vehicle, and there being no occasion to stop as above
provided, the person operating such motor vehicle
shall seasonably turn the same to the right of the
center of the traveled portion of the highway; while
the person approaching shall likewise turn from the
center of the traveled portion of the highway so as to
pass the motor vehicle on the opposite side of the cen-
ter of the highway to which the motor vehicle has
been turned. And any person so operating any motor
vehicle shall, at the intersection of a public highway,
keep to the right of the intersection of the centers of
such highways when turning to the right and pass to
the right of such intersection when turning to the
left."

In the instant case there is testimony that the auto-
mobile in which plaintiff was riding was going south
on Antoine street and when it reached the north curb

of Columbia street the automobile of defendant was proceeding west on Columbia street and when the driver of the automobile on Antoine street was at the north curb of Columbia street, she sounded the automobile horn and at that time the automobile of defendant was east of the east curb of Antoine street and continued west thereon, on the south side of the center of the street and instead of passing to the right of the center of the two streets, continued west on Columbia south of the center of the two streets and collided with the car of the plaintiff when that car was where it had a right to be, and the defendant's car did not have a right to be.

We think the inferences fairly to be drawn from this situation and this testimony made a question for the jury both as to the contributory negligence of the plaintiff and the negligence of the defendant. See *Amanta* v. *Railroad Co.*, 177 Mich. 280; *Congdon* v. *Railway Co.*, 179 Mich. 175; *Bouma* v. *Dubois*, 169 Mich. 422; *Brown* v. *Mitts*, 167 Mich. 469; *Weber* v. *Beeson*, 197 Mich. 607.

Judgment is reversed and a new trial is ordered, with costs in favor of the plaintiff.

BIRD, C. J., and OSTRANDER, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.