KIEFER *v.* FINK.

1. MOTOR VEHICLES—TRUNK LINE DRIVER HAS RIGHT OF WAY AT INTERSECTION WITH CROSS ROAD.

Where two automobiles approach an intersection at the same time, one on a trunk line highway and the other on a cross road, under Act No. 96, Pub. Acts 1923, § 5*a*, the driver on the trunk line has the right of way, although he is not thereby relieved of the duty to use due care.[1]

2. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — MOTOR VEHICLES — TRUNK LINES—RIGHT OF WAY.

Where an automobile driver on a trunk line highway, on approaching an intersection with a cross road, after applying his brakes and slowing his car, noticed that the driver of a car approaching on the cross road had also applied his brakes, he was not guilty of contributory negligence, as a matter of law, because, acting on the assumption that he was to be accorded the right of way given him by the statute (Act No. 96, Pub. Acts 1923, § 5*a*), he proceeded,

---

[1] Motor Vehicles, 28 Cyc. p. 34.

and a collision resulted, but, under the circumstances, the question of the negligence of both drivers was for the jury.[2]

Error to Kent; Dunham (Major L.), J.    Submitted June 8, 1926.    (Docket No. 8.)    Decided October 4, 1926.

Case by Willard M. Kiefer against Nicholas Fink, Jr., and another for personal and other injuries. Judgment for defendants on a directed verdict. Plaintiff brings error.    Reversed.

*Wicks, Fuller & Starr,* for appellant.

*John J. McKenna,* for appellees.

CLARK, J.    The automobiles of the parties were in collision at an intersection of the highways.    Plaintiff was injured.    Defendants, when plaintiff rested his case, had directed verdict, and he brings error. The question is, Was plaintiff guilty of contributory negligence as a matter of law?    Plaintiff was driving south on a trunk line highway.    Defendants were driving east on a cross road, not a trunk line.    The view at the intersection was ample and unobstructed. The cars were approaching the intersection at the same time.    Plaintiff had in mind at the time that he had the right of way.    We quote:

"When motor vehicles approach an intersection of a State trunk line highway and any other highway at the same time, the vehicle proceeding on the State highway trunk line shall have the right of way."    Act No. 96, Pub. Acts 1923, § 5a.

Plaintiff saw the other car.    He applied brakes and reduced speed.    Defendants did likewise.    Plaintiff, observing defendants' car, and thinking that his right

[2]Motor Vehicles, 28 Cyc. p. 49; 21 A. L. R. 974; 37 A. L. R. 493; 13 R. C. L. 278; 3 R. C. L. Supp. 36; 4 R. C. L. Supp. 804; 5 R. C. L. Supp. 691.

of way was to be accorded him, increased speed to cross the intersection. Defendants did likewise. Each thought, apparently, that the other would give way. The collision resulted.

The opinion of the trial judge that plaintiff was guilty of contributory negligence as a matter of law is based, chiefly, on the case of *Geeck* v. *Luckenbill,* 215 Mich. 288. But that case was decided before the passage of the statute above quoted, and was based upon section 4817, 1 Comp. Laws 1915. Said Act No. 96 of 1923 introduced a new element. This was discussed fully in *Pline* v. *Parsons,* 231 Mich. 466, which need not be quoted. The trial judge did not have the opinion in that case before him, as it was delivered after the trial of the case at bar. The statute, last cited, applies here. The cars were approaching the intersection at the same time. It was defendants' duty to give way to plaintiff who was on the favored road and had the right of way. Of course, the statute did not relieve plaintiff of the duty to use due care. Plaintiff applied brakes and reduced speed when approaching the intersection. When plaintiff saw that the defendants were doing the same thing, was he guilty of contributory negligence, as a matter of law, in then and there assuming that defendants intended to recognize his superior right under the statute, and in then and there increasing his speed to cross the intersection? We decline so to hold. See *Amedeo* v. *Railway Co.,* 215 Mich. 37. The record before us presents a case of actionable negligence for the jury and the question of contributory negligence of plaintiff was also for the jury.

Judgment reversed. New trial granted. Costs of this court to appellant.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and MCDONALD, JJ., concurred.