## SMITH v. ORMISTON.

1. NEGLIGENCE—MOTOR VEHICLES—EXCESSIVE SPEED.

   It is negligence *per se* to drive an automobile in excess of the statutory speed limit.

2. SAME—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.

   Where the driver of an automobile approaching a road intersection in the open country at a rate of 20 miles an hour could have seen another automobile 1,000 feet away approaching at a rate of 45 or 50 miles an hour had he looked, and a collision could easily have been avoided, but, without looking, he continued on his way and a collision resulting in his death occurred, he was guilty of contributory negligence as matter of law, barring recovery for his death, notwithstanding the driver of the other car was also guilty of negligence.

Error to Wayne; Webster (Clyde I.), J.    Submitted April 27, 1928.    (Docket No. 104.)    Decided June 4, 1928.

Case by Flossie B. Smith, administratrix of the estate of Cleveland B. Smith, deceased, against William H. Ormiston for the alleged negligent killing of plaintiff's decedent.    Judgment for defendant *non obstante veredicto*.    Plaintiff brings error.    Affirmed.

*Anderson, Wilcox, Lacy & Lawson (Earl L. Shimer,* of counsel), for appellant.

*Frederick J. Ward,* for appellee.

FELLOWS, J.    Cleveland B. Smith, decedent, and one Croski were sales agents in the employ of real estate brokers.    On July 31, 1923, they were taking some "prospects" out to a Warrendale subdivision, going out

[1]Motor Vehicles, 42 C. J. § 635; [2]Id., 42 C. J. § 696; 38 L. R. A. (N. S.) 488; 42 L. R. A. (N. S.) 1180; 51 L. R. A. (N. S.) 993; 2 R. C. L. 1192; 1 R. C. L. 728; 4 R. C. L. Supp. 150; 6 R. C. L. Supp. 132; 7 R. C. L. Supp. 64.

on Warren avenue.    Smith was driving the car, a 7-passenger Studebaker; there were from 9 to 11 in the car; the time was about or shortly before 7 in the afternoon.    At Town Line road, also known as Division road, the Studebaker came in collision with defendant's car, resulting in Mr. Smith's death.    The place of the accident was in the open country.    There was a gas station and a small garage at the corner; they set back 15 or 20 feet from the highway, and there seem to have been some small cottages near them, although the proof does not very definitely locate them.    The testimony established an unobstructed view approaching the corner until the filling station was reached.    Mr. Croski was in the front seat with Mr. Smith.    He was called as a witness by plaintiff and gave the most intelligent and favorable testimony in her behalf of any witness called.    He saw defendant's car coming when it was some 900 to 1,000 feet from the intersection of the two streets.    It was traveling 45 to 50 miles an hour, in violation of the statute then in force, "come very fast."    The Studebaker was then back about 400 feet from the intersection and was traveling about 20 miles an hour or a little better, which rate was lessened as they approached the corner; he also says that when they were a block away from the corner he saw the defendant's car about three blocks away.    He did not speak to Smith about the oncoming car and so far as he knew or observed Smith looked straight ahead and did not look to the right or left until they had passed the intersection of the street.

At the close of plaintiff's proof and again at the close of all the proof, defendant's counsel moved for a directed verdict, basing such motion on the claim that no negligence of defendant had been shown and that plaintiff was guilty of contributory negligence. These motions were reserved under the Empson act, and later a judgment was entered for defendant not-

withstanding a verdict for plaintiff, the trial judge concluding that decedent was guilty of contributory negligence as matter of law.

The testimony of Mr. Croski took the question of defendant's negligence to the jury. If defendant was driving at the rate of 45 to 50 miles an hour, he was violating the statute then in force and this was negligence *per se.* We are unable to follow the contention of plaintiff's counsel that there was a presumption that deceased was free from negligence, such presumption taking the case to the jury. There were upwards of a dozen eyewitnesses to the accident, some of whom were called upon the trial. The testimony of all who spoke on the subject tended to show that decedent was negligent. See *Baker* v. *Delano,* 191 Mich. 204.

The testimony of Mr. Croski, and as we have stated it was the most favorable in the record to plaintiff, establishes that when defendant's car was from 900 to 1,000 feet from the intersection decedent's car was about 400 feet away. Defendant's car was traveling 45 to 50 miles an hour, decedent's 20 or a little better. In other words, defendant's car was a little over twice as far from the intersection as was decedent's and it was traveling a little over twice as fast. They came together and decedent's life was snuffed out. While decedent slowed down as he approached the intersection, he nevertheless continued on his way out into Town Line road, out into the line of the oncoming automobile and to his death. Had he looked to the left with any degree of care after he passed the filling station he could have seen defendant's car and would have had ample opportunity to stop if he had been traveling no faster than plaintiff claims he was. Upon principle it is utterly impossible to distinguish the instant case from *Geeck* v. *Luckenbill,* 215 Mich. 288, where we denied liability on the ground of contributory negligence. We may here

say, as it was said there by Mr. Justice SHARPE, speaking for the court:

"It seems incredible that a collision could have occurred without negligence on the part of both drivers."

The judgment will be affirmed.

FEAD, C. J., and NORTH, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.