KERR *v.* HAYES.

1. MOTOR VEHICLES—RIGHT OF WAY NOT ABSOLUTE.
   That driver of automobile on right has right of way at street intersections under Act No. 318, Pub. Acts 1927, § 20, is not an assurance of safety nor an absolute right in all conditions, but both drivers must use due care.

---

On duty of driver of automobile having right of way at street or highway intersection, see annotation in 21 A. L. R. 974; 37 A. L. R. 493.

2. SAME—CONTRIBUTORY NEGLIGENCE—DUTY TO LOOK.

> Automobile driver approaching intersection, who neglected to look to left, and therefore failed to see approaching automobile with which collision was inevitable unless he took measures to avoid it, is guilty of contributory negligence as matter of law, notwithstanding he had right of way, since it was his duty to look, and, failing to do so, he is chargeable with having seen what he should have seen.

Error to Shiawassee; Collins (Joseph H.), J. Submitted January 23, 1930. (Docket No. 156, Calendar No. 34,637.) Decided March 6, 1930.

Case by William A. Kerr against John H. Hayes and another for damages arising out of an automobile collision. From a judgment for plaintiff, defendant Hayes brings error. Reversed without a new trial.

*George E. Pardee,* for appellant.

*W. A. Seegmiller,* for appellee.

FEAD, J. A car, owned and driven by plaintiff, south in the center of Maryette street in Durand, at a rate of about 15 miles per hour, was struck by defendant Salisbury's car, driven by defendant Hayes, west on the right-hand side of Brand street, at a rate of 35 to 40 miles per hour, the collision occurring in the center of the street intersection, about 27 to 30 feet from the north crosswalk. Neither was a stop street, trunk highway, or superior to the other. Plaintiff at any point within 85 feet of the center of the crossing had a clear view of an equal or greater distance along Brand street to the east. He came into Maryette street a block from the intersection, looked straight ahead until he was close to the crossing, then looked to the right

because he thought cars from that direction had the right of way over him, and did not look to the left nor see defendant's car at any time until an instant before the collision and too late to avoid it, although he increased his speed as the best chance to escape injury. He testified he could not stop his car in less than 20 to 30 feet. Plaintiff had judgment and the question is whether he was guilty of contributory negligence as a matter of law.

Plaintiff's claim of freedom from contributory negligence has no other basis than that, being on the right of defendant, he had the right of way at the crossing (Act No. 318, Pub. Acts 1927, § 20), because he drove into the intersection without looking in the direction from which a prudent person would expect approaching cars in the ordinary use of the road and without having his car under such control as would enable him to avoid collision in that section of the highway upon which they would travel.

He relies on *Pline* v. *Parsons,* 231 Mich. 466; *Kiefer* v. *Fink,* 236 Mich. 274; *Grodi* v. *Mierow,* 244 Mich. 511, which hold that, where a driver reaches a road intersection in advance of another and under conditions of relative distances and speeds as would induce in a reasonably prudent man the belief that he can cross in safety, he is not guilty of negligence in proceeding; and, in forming the belief, the driver may initially assume that the other will use due care and accord him his legal rights, among them the right of way. These cases, however, also point out that the statutory right of way is not an assurance of safety, nor an absolute right in all conditions, but that both drivers must use due care. A driver cannot continue to assume that the one on the left will accord him right of way when the circumstances would indicate the contrary to a reasonable person.

The rules announced in these cases presuppose that a driver has made suitable observation of approaching cars, and, from the conditions as they appeared to him, has formed a reasonable belief that he could cross in safety. As plaintiff did not look to the left he could not have formed any belief from the conditions. He is chargeable with having seen what he should have seen, that defendant's car was about twice the distance from the crossing as his own, approaching at about twice his own speed, without, at any time, giving any indication of according plaintiff the right of way, and that a collision was inevitable unless he took measures to avoid it. The case is analogous to *Geeck* v. *Luckenbill*, 215 Mich. 288, in which the court held plaintiff negligent as a matter of law. In that case, the court points out that defendant had the duty to allow plaintiff the right of way.

Judgment is reversed, without a new trial.

Wiest, C. J., and Butzel, Clark, McDonald, Potter, Sharpe, and North, JJ., concurred.