BENSON *v.* TUCKER.

1. MOTOR VEHICLES—NEGLIGENCE—DUTY TO USE CARE.
    Drivers of automobiles approaching intersection from opposite directions should use care commensurate with obvious conditions regardless of which has right of way in making turn.

2. SAME—DIRECTED VERDICT.
    Automobile driver making left turn across trunk line highway without looking for approaching traffic from opposite direction was guilty of negligence as matter of law.

3. APPEAL AND ERROR—REQUESTS TO CHARGE—INSTRUCTIONS.
    Where charge as to plaintiff's contributory negligence covered sufficiently substance of requests to charge, there was no reversible error in failing to give requests.

On excessiveness of verdicts in actions for personal injuries not resulting in death, see annotation in L. R. A. 1915F, 30.

Excessiveness of verdicts in actions for personal injuries causing paralysis, see annotation in 46 A. L. R. 1250, 1355, 1382.

4. DAMAGES—FUTURE EARNING CAPACITY.

Where plaintiff is 79 years old, his injuries are permanent, and
there was evidence as to his earning capacity both before and
after injury, there was no error in submitting to jury ques-
tion of future impairment of earning capacity.

5. SAME—EXCESSIVE VERDICT.

Where plaintiff is 79 years old, his injuries are permanent, he
suffered much pain, and he will continue to suffer incon-
venience and deformity as long as he lives, verdict for
$2,902.10, which is within evidence, cannot be said to be
excessive, especially in absence of showing of appeal to pas-
sion or prejudice.

Error to Allegan; Miles (Fred T.), J. Submitted
October 10, 1930. (Docket No. 61, Calendar No.
35,073.) Decided December 2, 1930.

Case by Charles Benson against John Tucker for
personal injuries sustained in an automobile acci-
dent. From judgment for plaintiff, defendant
brings error. Affirmed.

*Leo W. Hoffman* and *Clare E. Hoffman,* for
plaintiff.

*Diekema, Kollen & Ten Cate,* for defendant.

CLARK, J. Plaintiff, on August 11, 1928, riding in
the cab of a Ford truck, driven by his son, suffered
personal injury in collision of the truck with an au-
tomobile, owned and driven by defendant, for which
he had verdict and judgment. Defendant brings
error.

Nearly three miles south of Fennville, Allegan
county, M-89 turns to the east in a long curve. At
the base of the curve the highway is intersected by
a road from the west, called Todd road. Because
of construction work near or beyond Fennville, part
of the traffic of M-89 was diverted, at the intersec-

tion, to Todd road, and others used M-89. Both roads were open, no obstruction to travel.

As the truck, carrying plaintiff in the cab, other persons in the box, and driven by plaintiff's son in the daytime at near 15 miles per hour, rounded the curve, on its right or southerly side, approaching the intersection of the Todd road, defendant's automobile was observed approaching from the east on M-89, on its right or northerly side. From his observations, plaintiff's son concluded that defendant intended to continue on M-89, and he accordingly went on toward the intersection,. But defendant intended to take the Todd road, and, coming to the intersection, left his right side of M-89 to cross his left side of M-89, and to proceed on the Todd road. As he was crossing his left side of M-89, on which was the moving truck, the collision occurred. There is argument of which was making a left turn. In a sense, both were. There is also contention of which had the favored road, if any. But these questions are not here important. It was upon each driver to use care commensurate with obvious conditions. *Pline* v. *Parsons,* 231 Mich. 466; *Kerr* v. *Hayes,* 250 Mich. 19.

As defendant came to the intersection, his view to the northwest on M-89 was clear for 250 feet. He knew it was a trunk line highway. To leave his right side of M-89 and to go on Todd road, he had to cross the path of south or east bound vehicles on M-89. He attempted this without looking. He did not see the truck until just before the impact. He testified:

"*Q.* How do you account for the fact that you did not see the car before?

"*A.* I was not looking that way; I just didn't happen to, that is all.

"*Q.* You didn't look? If you had looked—

"*A.* If I had looked I probably would have seen him."

The court's instructions, leaving the question of defendant's negligence to the jury, favored defendant. The record would sustain an instruction that defendant was negligent as a matter of law. *Kerr* v. *Hayes, supra.* Concededly, the question of contributory negligence of plaintiff's son was for the jury. The court submitted the question by instructions which covered sufficiently the substance of requests and which do not call for reversal.

There are a number of rather unimportant assignments on admission and rejection of evidence, which, examined, show no reversible error.

It is contended that the court erred in submitting to the jury the question of future impairment of earning capacity, as there was no testimony to show any probability of loss of earning power in the future. Plaintiff was 79 years old. Evidence is that he earned little, but had some earning capacity. There is undisputed evidence that his injuries are permanent for his short expectancy of life. His throat was badly cut, resulting in paralysis of mouth, and lips, and left eye-lids, and defective vision. He suffers from drooling, and is not as strong as before the accident. With the evidence of permanent injury, there was also testimony of plaintiff's earning capacity before and after the injury. 17 C. J. p. 1035.

We cannot say there was no evidence from which the jury might find future impairment of earning capacity, although it is probable the jury gave scant consideration to the whole matter of earnings and earning capacity.

The verdict of $2,902.10 is urged as excessive. The hospital charge and medical attendance total $211.06. Plaintiff was in the hospital 21 days. He suffered much pain. He will continue to suffer inconvenience and deformity as long as he lives. The verdict is within the evidence. We find no appeals to passion or prejudice, nothing to indicate that the verdict is based on anything but evidence. Hence, we cannot hold it excessive. *Fishleigh* v. *Railway,* 205 Mich. 145.

Other matter, considered, calls for no discussion. Judgment affirmed.

Wiest, C. J., and Butzel, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.