### SAK v. WALDECKER.

1. APPEAL AND ERROR—DIRECTED VERDICT.

On appeal from judgment entered for defendant on directed verdict, testimony on behalf of plaintiff must be considered favorably.

2. MOTOR VEHICLES — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — RIGHT SIDE OF ROAD—ASSUMPTIONS.

Person crossing highway has right to assume that, when he has reached side of highway where he has right to be, automobile driver using highway will observe traffic laws and keep on his side of highway.

3. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Whether driver of horse and buggy who, when 17 feet from crossing, looked and saw defendant's automobile approaching 60 rods away, was guilty of contributory negligence in crossing without again looking until he reached middle of road was question for jury, especially where he had reached other side and was where he had right to be when struck by defendant's car.

Appeal from Wayne; Webster (Clyde I.), J. Submitted October 7, 1931. (Docket No. 35, Calendar No. 35,795.) Decided December 8, 1931.

Case by Louis Sak, administrator of the estate of Bernice Sak, deceased, against Joseph F. Waldecker under survival act for death of plaintiff's decedent from injuries received in a crossing accident. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed, and new trial ordered.

*Maxwell I. Silverstein* and *Samuel H. Crowl,* for plaintiff.

On contributory negligence of driver of horse encountering automobile on highway, see annotation in 50 L. R. A. (N. S.) 566.

Butzel, C. J. Louis Sak, administrator of the estate of Bernice Sak, his wife, brought suit under the survival act (3 Comp. Laws 1929, § 14040), against Joseph F. Waldecker, defendant, for causing injuries that resulted in the death of decedent. At about 5:30 p. m. on January 17, 1926, plaintiff and his wife were driving in a two-seated buggy drawn by a farm horse along the town line road, an unpaved road, in a northerly direction towards their home in the township of Romulus, Wayne county, Michigan. They were nearing the Ecorse road, a main thoroughfare, 66 feet in width, running in an easterly and westerly direction. The 20 feet in the center of the Ecorse road are paved with concrete and 23 feet on each side of it are unpaved. When plaintiff reached a point 17 feet from the south property line of the Ecorse road, and 40 feet from the concrete pavement, he stopped and looked up and down the Ecorse road before proceeding. There appear to be no obstructions to the view in either direction, as the intersection is located in the open country. Plaintiff waited for a car to pass and saw no other one near by, but did see one that proved to be defendant's coming from the west some 60 rods away.

Plaintiff is a foreigner and testified in the English language with considerable difficulty, but notwithstanding his seeming confusion in regard to the meaning of the word "rods," he demonstrated, as the trial judge stated, that he knew the length of a rod. As there was a direction of a verdict in favor of defendant at the conclusion of the testimony on behalf of plaintiff, we must place the most favorable construction upon the latter's testimony. As defendant's car was still approximately 60 rods distant when plaintiff saw it, when he was only 17 feet

from the property line of the road, the reasonable inference would be that he could have crossed the Ecorse road with safety had defendant not been guilty of negligence. Plaintiff after making observations proceeded, and passed the middle of the road when he saw defendant's automobile approaching him from a westerly direction. Thereupon plaintiff loosened the reins so as to speed up the horse, which had theretofore traveled only as fast as a man could walk. There is testimony that defendant's car was being driven at a rate of 40 to 45 miles an hour. The horse and front part of plaintiff's buggy had passed across the concrete pavement and reached the unpaved portion of the road when defendant's car struck the buggy's rear wheel, which was still on the concrete. Defendant was driving on the left or north side of the road where under ordinary circumstances he would not have a right to be and where plaintiff had a lawful right to be. Both Sak and his wife were thrown out of the buggy. Mrs. Sak sustained severe injuries from which she died the following day.

The trial judge in directing a verdict in favor of defendant held that while the negligence of defendant was unquestionably established by plaintiff's testimony, nevertheless, plaintiff was guilty of contributory negligence in not looking again after he drove 17 feet further and reached the Ecorse road. Had defendant driven on the right or south side of the road, as was his lawful duty under ordinary circumstances, he would have had ample room to pass the horse and buggy. Plaintiff had a right to assume that, when he reached the side of the road where he had a right to be, defendant would observe the traffic laws. The question of contributory negligence under the circumstances became a question for

the jury. It was their province to determine whether a reasonably prudent person, who when 17 feet from the road stops and looks and observes an automobile 900 feet distant, and whose calculations were correct in that he had plenty of time to reach the north side of the road, and who did reach that side, is guilty of contributory negligence in again not making observations after he had traveled 17 feet further and then not observing again whether it was still safe for him to cross the road.

In the intersection cases in this State where we have held plaintiff to be guilty of contributory negligence, he failed to look at all before crossing the road. Some of the cases cited are distinguished in *Grodi* v. *Mierow,* 244 Mich. 511, where we said in an opinion written by Mr. Justice FEAD:

"He was not bound by law to anticipate that defendant would invade that part of the intersection where he had a right to be and defendant had not, nor did the testimony conclusively establish that a reasonably prudent person would have anticipated it. Whether, under the circumstances, plaintiff should have foreseen such invasion, or other violations of traffic law of which defendant was guilty, was for the jury."

The driver for the plaintiff in *Lefevre* v. *Roberts,* 250 Mich. 675, stopped on the road about 10 feet from the cement approach leading to the pavement of a trunk highway and observed the defendant's automobile on the highway approaching the intersection. Noting that the defendant was 400 or more feet away from the intersection, he started to cross and was struck by defendant's car. The driver, after starting his car across, made no further ob-

servations of the approaching automobile. We held in an opinion written by Mr. Justice WIEST:

"The question is close, little help is afforded by cases, with their varying facts, and the doubt should be solved by verdict of a jury."

The question of plaintiff's contributory negligence should have been submitted to the jury.

The judgment of the lower court is reversed, with costs to plaintiff, and new trial ordered.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.