SMITH *v.* WASSINK.

1. APPEAL AND ERROR—DENIAL OF MOTION FOR DIRECTED VERDICT.
In deciding whether trial court was in error in denying appellants' motion for directed verdict as well as their motion for judgment *non obstante,* Supreme Court must accept testimony which is most favorable to appellee.

2. MOTOR VEHICLES—CONTRIBUTORY NEGLIGENCE—RIGHT OF WAY—DUTY TO LOOK.
Notwithstanding automobile driver approaching intersection has right of way, he may not proceed heedlessly and without tak-

ing any precaution for safety of himself and others riding in his automobile, and if he does he is guilty of negligence as matter of law (1 Comp. Laws 1929, § 4712).

3. SAME—PROXIMATE CAUSE—IMPUTABLE NEGLIGENCE.

Negligence of automobile driver in failing to look to left or to take proper precaution before proceeding to cross intersection was proximate cause of collision with another car approaching from left, and said negligence, being imputable to passenger, bars recovery for latter's injury received in said collision.

Appeal from Ingham; Collingwood (Charles B.), J. Submitted January 17, 1933. (Docket No. 1, Calendar No. 36,855.) Decided April 4, 1933.

Case by Ray Smith against Lynes Wassink and another, doing business as Lansing Motor Sales, for personal injuries received in an automobile accident alleged to be due to defendants' negligence. Verdict and judgment for plaintiff. Defendants appeal. Reversed, and judgment ordered entered for defendants.

*Pierce & Planck,* for plaintiff.

*Kelley, Sessions, Warner & Eger* and *Harry F. Hittle,* for defendants.

NORTH, J. This suit arises out of a collision between two automobiles at the intersection of Pine and Genesee streets in the city of Lansing. On trial before a jury, plaintiff had verdict and judgment, and defendants have appealed. The sole question presented is appellants' claim that the driver of the automobile in which plaintiff was riding was guilty of contributory negligence which was imputable to plaintiff, and, therefore, defendants' motion for a directed verdict, as well as their motion for judgment *non obstante,* should have been granted.

At the time of the accident, the car in which plaintiff was riding was proceeding northerly on Pine street, and defendants' car easterly on Genesee street. The one on Pine street was going at a speed of approximately 20 miles an hour. There is considerable testimony that the other car was going at substantially the same rate, though inference may be justified that it was going at a higher rate of speed. Neither slackened its pace any appreciable time before the collision, which occurred just as the car in which plaintiff was riding was crossing the center line of Genesee street. This car did not change its course prior to the impact; but immediately before the collision defendants' car veered somewhat northerly in an evident attempt to avoid the accident. The collision occurred during daylight hours, but neither driver seems to have seen the other automobile until practically at the point of impact. As they approached the intersection, each car was traveling on the right-hand side of the street, and each street was 30 feet from curb to curb. When the automobile in which plaintiff was riding reached a point about 37 feet south of the southerly curb of Genesee street, the driver had an unobstructed view westerly on Genesee street beyond the point from which defendants' car was approaching. As the car on Pine street was crossing the walk on the south side of Genesee street, defendants' car was approximately eight feet west of the walk on the west side of Pine street. There were side curtains on the car in which plaintiff was riding, and apparently its driver did not see defendants' car approaching from his left until another man riding in his car said "Watch out," and at that time it was too late to avoid the accident.

Appellee stresses the fact that the collision occurred north of the center line of Genesee street and east of the center line of Pine street, *i. e.,* in the northeast portion of the intersection. This is disputed by defendants' testimony, but in deciding the question presented by this appeal, the testimony must be accepted which is most favorable to appellee. Defendants' automobile struck the one in which plaintiff was riding on the left front wheel and fender. The only fair inference that can be drawn from the testimony is that at the instant of collision the forward portion of the car in which plaintiff was riding was just northerly of the center line of Genesee street, that the slight swerving of defendants' car to the left was in an effort to avoid the accident, and that had their car proceeded in a straight course the only difference would have been that it would have struck the other machine in the rear portion rather than in the forward portion. Appellee urges that the instant case falls squarely within *Harris* v. *Bernstein,* 204 Mich. 685, and *Grodi* v. *Mierow,* 244 Mich. 511, where the issue of contributory negligence was held to have been a question of fact for the jury. In each of those cases the question of contributory negligence was close. It should be noted that in each of them the defendants' machines were being driven on the wrong side of the street, continued that course, and the accident occurred wholly in territory where the defendants did not have a right to be with their machines. That is not true in the instant case. And each of the above-cited cases is distinguishable in that there was testimony from which it might fairly be inferred that the driver of the plaintiff's machine, when entering the intersection, made an observation as to approaching vehicles and thereupon reasonably as-

sumed that it was safe to proceed in advance of the defendants' oncoming automobile. We cannot agree with appellee's contention that in this case "the sole and proximate cause of the collision" was the invasion by the defendants of a portion of the intersection where they did not have a right to be. Instead, we think this record conclusively discloses negligence on the part of the driver of the car in which plaintiff was riding. Unfortunately, this accident resulted in the driver's death. The conclusion seems unescapable that either he made no observation whatever for an approaching vehicle from his left as he entered this intersection, or if he did observe the other automobile just about to enter the intersection (and at an excessive rate of speed as appellee's brief asserts) he was guilty of negligence in proceeding to cross the intersection.

Careful consideration of this record necessitates the conclusion that if the driver of plaintiff's car, as he approached this intersection, had used reasonable care in making an observation to the west, from which direction defendants' car was approaching, he would have discovered the impending danger and have been able to have avoided the accident. While the two machines were not exactly equally distant from the center of the intersecting streets, they were approaching it simultaneously and each proceeding at least at approximately the maximum legal rate of speed. The view was unobstructed, road conditions good, and no traffic complications. As before stated, the unescapable conclusion is that the driver of plaintiff's car entered this intersection without looking for a vehicle approaching from his left, or that he looked and proceeded negligently. Notwithstanding he had the right of way (1 Comp. Laws 1929, § 4712), he was not entitled to proceed

heedlessly and without taking any precaution for the safety of himself and others riding in his automobile. *Kerr* v. *Hayes,* 250 Mich. 19. He was guilty of negligence which was a proximate cause of the accident, and this negligence on the part of the driver of the automobile in which plaintiff was riding is imputable to him. The instant case is controlled by our recent decisions in *Smith* v. *Ormiston,* 242 Mich. 600; *Kerr* v. *Hayes, supra; Zuidema* v. *Bekkering,* 256 Mich. 327; *Kok* v. *Lattin,* 261 Mich. 362.

The verdict and judgment entered in the circuit court will be vacated, and the case remanded, with direction to enter judgment *non obstante* for defendants. Costs to appellants.

McDONALD, C. J., and CLARK, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.