RAK *v.* LAKE.

1. APPEAL AND ERROR—AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT—EVIDENCE—INFERENCES.

On defendant's appeal from denial of his motion for a directed verdict because of alleged contributory negligence of driver of plaintiff's car imputable to plaintiff, Supreme Court must accept testimony and inferences most favorable to plaintiff.

2. AUTOMOBILES—DIRECTED VERDICT — CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY—INTERSECTION.

> On defendant's appeal from denial of his motion for a directed verdict, the question of contributory negligence of plaintiff's driver *held*, for jury where there is evidence to support his claim that, although he had observed defendant before either reached icy street intersection, plaintiff's driver accelerated his speed only after he saw defendant slow down and believed he was going to stop, collision occurred after plaintiff's car had more than half crossed the street on which defendant was driving and evidence shows collision would not have occurred had latter remained on the right side of the street.

Appeal from Jackson; Williams (Benjamin), J. Submitted January 25, 1935. (Docket No. 155, Calendar No. 38,260.) Decided April 8, 1935.

Case by John Rak against William H. Lake for personal injuries received in collision of automobiles at an intersection. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*James R. Breakey, Jr.,* for plaintiff.

*Whiting & Kleinstiver,* for defendant.

BUTZEL, J. On February 6, 1934, between 5:30 and 6 p. m., John Rak was riding in a Ford car driven by his step-brother, Joe Porabiacki, in a westerly direction along the northerly side of Chapin street in Jackson, Michigan. At the same time Dr. William H. Lake was driving his car in a northerly direction on Pleasant street, towards the intersection with Chapin street. Chapin street extends east and west and is paved with concrete, except between the rails of a single track car line in the center of the street, which is paved with brick. It is 32 feet wide from curb to curb. Pleasant street extends north and south, is uneven and unpaved, and

is 26 feet 3 inches wide from curb to curb. The testimony indicates that Lake drove his car across Chapin street at the intersection, and struck Rak's car after the latter had passed more than half way through the intersection; that had Lake's car in crossing remained on the right side of Pleasant street, the accident would not have occurred.

Defendant appeals from a substantial judgment rendered in favor of plaintiff. The sole question on appeal is whether the judge should not have taken the case from the jury and directed a verdict in favor of the defendant, as requested, on the ground that the driver of plaintiff's car was guilty of contributory negligence as a matter of law in not coming to a stop when, as claimed by the defendant, he did not know whether defendant would be able to stop or control his car on account of the icy condition of the streets. There was considerable snow and ice in spots on both streets at the time of the accident, particularly at the intersection. There is some testimony to indicate that plaintiff could have stopped his car in time to avoid the accident and that he knew, or should have known, that the ice and snow on the roads would make it difficult for Lake to come to a stop.

This is not a case where two drivers approach an intersection from different directions on icy pavement without looking or paying any attention to one another's rights, and thus collide at the intersection. Porabiacki, driver of the car in which plaintiff was riding, claims that he was about 15 feet east of the east curb line of Pleasant street when he first observed defendant's car, which was then 50 feet south of the south rail of the street car track on Chapin street; that just as he was about to enter the intersection, he observed defendant's car a second time,

and that defendant was then about 30 feet south of the south rail of the car line; that he saw that defendant had slowed down, and believed that he was going to stop and permit the Ford car to drive by, and he therefore proceeded to cross the intersection. Although Porabiacki's testimony was contradictory, and in fact inconsistent with a written statement made by him immediately after the accident, in determining whether defendant was entitled to a directed verdict on the ground that plaintiff was guilty of contributory negligence as a matter of law, we must accept the testimony and inferences most favorable to the plaintiff. *Grodi* v. *Mierow,* 244 Mich. 511. There being some testimony to support Porabiacki's claim that he accelerated his speed only after he saw defendant slow down and believed he was going to stop, and in view of the further fact that plaintiff was more than half way across the intersection when the accident occurred, so that there would have been no collision had defendant remained on the right side of the street, it was for the jury to determine whether driver of plaintiff's car acted in a reasonably prudent manner, giving proper attention to the condition of the road. See *Harris* v. *Bernstein,* 204 Mich. 685, and *Grodi* v. *Mierow, supra,* where the facts were somewhat similar although there was no icy condition of the streets.

The judgment is affirmed, with costs to plaintiff.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.