BLOCK *v.* PETERSON.

1. AUTOMOBILES—INTERSECTIONS—NEGLIGENCE.
   Defendant motorist who did not see plaintiff's car approaching on intersecting highway and who did not stop before crossing such highway because the sun was in his face *held,* guilty of negligence as a matter of law.

2. SAME—NEGLIGENCE—CROSSING A HIGHWAY.

It is negligence as a matter of law for a motorist to cross over a highway without looking to see whether he can do so in safety.

3. SAME—PLAINTIFF'S BURDEN OF PROOF.

In action for injuries received in automobile collision plaintiff has burden of showing defendant was negligent and plaintiff's own freedom from contributory negligence.

4. SAME—INTERSECTIONS—RIGHT OF WAY.

Plaintiff who approached intersection from defendant's right at the same time as latter *held*, to have right of way notwithstanding plaintiff's highway was not shown to have been a through highway (1 Comp. Laws 1929, §§ 4712, 4713[c], 4715).

5. SAME—STATUTORY RIGHT OF WAY—DUE CARE.

Statutory right of way does not authorize motorist, in approaching a highway crossing, to assume that in all events he may proceed without looking or, if unable to see, without exercising precaution commensurate with reasonable prudence (1 Comp. Laws 1929, § 4712).

6. SAME—STATUTORY RIGHT OF WAY NOT ABSOLUTE.

Statutory right of way provided to motorist at right is not an assurance of safety nor an absolute right under all conditions as both parties must use due care and driver on the right cannot continue to assume one on the left will accord right of way when circumstances would indicate the contrary to a reasonable person (1 Comp. Laws 1929, § 4712).

7. SAME—RIGHT OF WAY—STATUTES.

Party having statutory right of way at an intersection still has duty to exercise reasonable care for his own safety (1 Comp. Laws 1929, § 4712).

8. SAME—CROSSING STREETS AND INTERSECTIONS.

One must exercise due care when attempting to cross streets and intersections whether on foot or driving an automobile.

9. SAME—INTERSECTIONS—CONTRIBUTORY NEGLIGENCE.

One is not free from contributory negligence who observes an automobile coming on an intersecting street and then proceeds to cross without giving heed to the oncoming vehicle until the instant before or at the time of collision.

10. Same—Contributory Negligence—Evidence.

> Plaintiff in automobile collision case *held*, guilty of contributory negligence as a matter of law where, although he had the right of way because he approached the intersection from defendant's right at about the same time and speed as latter and observed latter when both were about 120 feet from intersection, plaintiff himself slowed down and assumed defendant would slow down too, but did not again observe defendant until too late to avoid the collision (1 Comp. Laws 1929, § 4712).

Appeal from Midland; Hart (Ray C.), J. Submitted January 5, 1938. (Docket No. 35, Calendar No. 39,769.) Decided April 4, 1938.

Case by Frederick D. Block against Ronald H. Peterson for personal injuries sustained in a collision between automobiles. Verdict for plaintiff. Judgment for defendant *non obstante veredicto*. Plaintiff appeals. Affirmed.

*George C. Ryan,* for plaintiff.

*James R. Rood,* for defendant.

Potter, J. Plaintiff sued defendant to recover damages alleged to have been suffered by reason of his automobile colliding at the intersection of US–10 cutoff with Sugnet road, in the city of Midland, with defendant's automobile claimed to have been negligently operated. There was verdict for plaintiff and judgment, notwithstanding the verdict, for defendant. Plaintiff appeals.

At about 7 o'clock in the morning of April 26, 1936, plaintiff was driving in a northerly direction on US–10, at about 45 miles an hour, as he approached its intersection with Sugnet road. Defendant was driving in an easterly direction on Sugnet road. Plaintiff testified he first noticed defendant when defendant was about a block from the intersec-

tion and plaintiff was about the same distance from it; that defendant was coming fast, and he (plaintiff) slowed down so as to be able to stop if necessary; that defendant also slowed down, but speeded up and struck plaintiff's automobile at the intersection; that when each automobile was a block away, they were going at about the same speed; plaintiff again looked to the left when defendant was about 120 feet away, but did not look again until too late to avoid the collision. Plaintiff testified:

"That would probably be about 120, 130 feet from the highway when he slowed down. I slowed down before he slowed down, when I first saw him. I took it for granted he was going to stop. I didn't keep an eye on the defendant. I assumed he was going to stop and the next time I saw him the car was alongside of me on the intersection."

Plaintiff testified he was going about 30 miles an hour at the time and could have stopped in a distance equal to the length of his own automobile. Plaintiff's brother was riding on the front seat with him and testified he told plaintiff defendant was coming fast. When defendant was 125 feet away, the brother said he was almost stopped. Frank Block said:

"I said to my brother, 'I guess he is going to stop.' But instead of that when he had apparently stopped, he shot ahead."

Appellant turned his car to the right and defendant turned his to the left, when it was too late to avoid collision.

Defendant was negligent. He testified he did not see plaintiff's car and did not stop before crossing US–10 cutoff because the sun was in his face. It is negligence as a matter of law for the driver of an automobile to proceed over a highway without look-

ing to see whether he can do so in safety. *Sellon* v. *Tanner*, 252 Mich. 231.

The trial court found plaintiff guilty of contributory negligence as a matter of law. The burden was upon plaintiff to show, not only that defendant was negligent, but his own freedom from contributory negligence. *Pulford* v. *Mouw*, 279 Mich. 376; *Faustman* v. *Hewitt*, 274 Mich. 458. Plaintiff contends he was free from contributory negligence, and, at most, it was a question for the jury whether his negligence contributed to his own injury; that the jury decided this disputed question in his favor; and the trial court erred in entering judgment notwithstanding the verdict.

Plaintiff relies upon *Grodi* v. *Mierow*, 244 Mich. 511; *Hilliker* v. *Nelson*, 269 Mich. 359; and *Kiefer* v. *Fink*, 236 Mich. 274.

In *Grodi* v. *Mierow, supra*, the action of the trial court in refusing to direct a verdict was affirmed. In that case, the cars approached at right angles. Plaintiff was but 12 feet from the center of the intersection, while defendant was 65 feet. There was testimony defendant was on the wrong side of the road; that if he had stayed on his own side of the road, plaintiff would not have been injured. Plaintiff had 24 feet to go in order to cross the road. The court, referring to *Geeck* v. *Luckenbill*, 215 Mich. 288, and *Smith* v. *Ormiston*, 242 Mich. 600, said:

"The case is distinguishable from the first two cited, in that plaintiff here saw defendant approaching, arrived at the crossing with his car under control, and there formed a judgment that he could safely proceed at the reduced rate."

Here, plaintiff assumed he could get by when defendant was 120 feet from the corner and he was approximately the same distance, both going at the

same speed. Plaintiff here does not claim he was closer to the intersection than defendant, but testified they were both approximately 120 feet from it, traveling at the same speed.

In the *Grodi* Case, plaintiff had but 12 feet to go and defendant 65 feet. Plaintiff here was 120 feet from the intersection when he decided to cross and made no further observation.

*Hilliker* v. *Nelson, supra,* involved a stop street or through highway where a stop sign had been erected and was in full view.

In *Kiefer* v. *Fink, supra,* defendant was not on a favored road. The statute then provided:

"When motor vehicles approach an intersection of a State trunkline highway and any other highway at the same time, the vehicle proceeding on the State highway trunkline shall have the right of way." Act No. 96, § 5a, Pub. Acts 1923.

We now operate under the uniform motor vehicle act, 1 Comp. Laws 1929, §§ 4693–4754 (Stat. Ann. §§ 9.1561–9.1623). There is no such provision in the act now in force as that in force when *Kiefer* v. *Fink, supra,* arose.

*Layton* v. *Cregan & Mallory Co., Inc.,* 265 Mich. 574, involved a similar situation to that in *Kiefer* v. *Fink, supra.*

Plaintiff claims US–10 was such a highway as required automobiles on intersecting highways to stop before crossing it.

Section 4713(c), 1 Comp. Laws 1929 (Stat. Ann. § 9.1581), provides:

"The *state highway commissioner* and *local authorities* are authorized to designate through traffic highways and streets in accordance with section twenty-three of this act. The driver of a vehicle entering such highways and streets shall yield the

right of way to all vehicles approaching on such highways and streets.''

This, when read in conjunction with 1 Comp. Laws 1929, § 4715 (Stat. Ann. § 9.1583), indicates that in order to have constituted this a through stop highway, it must have been designated as such ''by erecting at the entrances thereto from intersecting highways signs that shall be octagon in shape notifying drivers of vehicles to come to a full stop before entering or crossing such designated highways, and whenever any such signs have been so erected it shall be unlawful for the driver of any vehicle to fail to stop in obedience thereto.''

No such stop signs were erected, though the superintendent of the Midland county road commission testified he understood US–10 was a stop highway. The understanding of the road commissioner was not evidence. Plaintiff did not establish that US–10 was a stop highway within 1 Comp. Laws 1929, § 4715 (Stat. Ann. § 9.1583).

Plaintiff had the right of way. 1 Comp. Laws 1929, § 4712 (Stat. Ann. § 9.1580).

''While the law accords the right of way, it requires, as well, the exercise of at least 'horse sense.' The statute does not authorize one, in approaching a highway crossing, to assume that in all events he may proceed without looking, or, if unable to see, without exercising precaution commensurate with reasonable prudence.'' *Kerns* v. *Lewis*, 246 Mich. 423.

See, also, *Smith* v. *Wassink*, 262 Mich. 639; *Swainston* v. *Kennedy*, 253 Mich. 518.

The statutory right of way is not an assurance of safety, nor of absolute right under all conditions. Both parties must use due care. A driver cannot

continue to assume the one on the left will accord him the right of way when the circumstances would indicate the contrary to a reasonable person. *Kerr v. Hayes,* 250 Mich. 19. It was incumbent upon both plaintiff and defendant in approaching the intersection to use care commensurate with the obvious circumstances regardless of which had the favored road. *Benson v. Tucker,* 252 Mich. 385. Though plaintiff may have had the right of way at the intersection, the duty was incumbent upon him to exercise reasonable care for his own safety. One must exercise due care when attempting to cross streets and intersections whether on foot or driving an automobile. One is not free from contributory negligence who observes an automobile coming on the intersecting street and then proceeds to cross without giving further heed to the oncoming vehicle until the instant before or at the time of collision. *Ude v. Fuller,* 187 Mich. 483; *Geeck v. Luckenbill,* 215 Mich. 288; *Smith v. Ormiston,* 242 Mich. 600.

This case is similar to *Boerema v. Cook,* 256 Mich. 266; *DeCoopman v. Hammond,* 279 Mich. 619; *Wehling v. Linder,* 248 Mich. 241; *Kok v. Lattin,* 261 Mich. 362. And the holdings in this State are in accord with the great weight of authority. Babbitt's Motor Vehicle Law (4th Ed.), § 555; 3–4 Huddy's Cyclopedia of Automobile Law (9th Ed.), p. 229; 1 Berry's Automobiles (6th Ed.), § 1043; 1 Blashfields' Cyclopedia of Automobile Law (1st Ed.), pp. 285, 286; and cases cited.

We find no error in the conclusion of the trial court.

Judgment is affirmed, with costs.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred.