DONNELLY *v*. CHULSKI.

1. NEGLIGENCE—IMPUTED NEGLIGENCE.
   Contributory negligence of driver of car in which plaintiff, an adult, was riding is imputable to her and bars recovery from defendant motorist for injuries received in highway intersection collision resulting from negligence of both drivers.

2. AUTOMOBILES—HIGHWAY INTERSECTIONS—RIGHT OF WAY.
   Car approaching intersection of highways from the right has right of way under reasonable circumstances (1 Comp. Laws 1929, § 4712).

3. SAME—CONTRIBUTORY NEGLIGENCE—EVIDENCE.
   In action by adult passenger for injuries received in highway intersection collision where both drivers approached corners in view of each other without slackening speed, evidence that plaintiff's driver thought he could safely cross in front of defendant's car approaching from right *held*, insufficient to send case to jury on question of imputed contributory negligence.

Appeal from Kent; Perkins (Willis B.), J. Submitted January 15, 1936. (Docket No. 76, Calendar No. 38,726.) Decided March 2, 1936.

Case by Ann Donnelly against John J. Chulski for personal injuries caused by collision of automobiles at a highway intersection. Verdict and judgment for plaintiff. Defendant appeals. Reversed, without a new trial.

*Walter M. Nelson,* for plaintiff.

*Rodgers & Dunn,* for defendant.

WIEST, J. Limerick corners in Ionia county is where two gravel highways intersect at right angles.

On a summer afternoon an automobile going south and another going west collided at the intersection. Plaintiff was riding in the automobile going west and in the collision received severe injuries.

The driver of the car in which plaintiff was riding saw the approach of the other car for nearly half a mile and, had he given thought to the matter, he would have sensed the fact that its speed was about twice that of his car. Both drivers, with view of each other and without slackening speeds, approached and entered the intersection and the inevitable happened.

Under the evidence both drivers were guilty of negligence and, under the doctrine of imputed negligence, the plaintiff, who was of mature years, cannot have recovery against defendant.

Defendant's motion for a directed verdict at the close of plaintiff's proofs should have been granted.

Plaintiff's case rested upon the testimony of her driver for she did not see the other car nor was she looking for any car but was enjoying the scenery.

Defendant approached the intersection at the right of plaintiff's driver and, therefore, had the right of way under reasonable circumstances. 1 Comp. Laws 1929, § 4712.

There is a schoolhouse at the northeast corner and this, for a time, cut off views of both drivers but each saw the other before and after such interference and plaintiff's driver had full opportunity to slacken speed or stop after passing the schoolhouse but, when he saw defendant's car about 150 feet from the intersection and he was about 50 feet from the intersection, he thought he could pass in front of the oncoming car and kept on and taking the chance brought him into the path of defendant's car.

Plaintiff's driver testified:

"I saw a car coming from the north, and I saw some dust south. And as I got further on along, clear of the farm house so I could see the north and south road, one car I saw I was going to clear because it was coming slowly, and the other car (defendant's) I felt sure I could make the crossing ahead of it. And after I got almost to the intersection I still felt positive I could get through there. I thought that because this car seemed to be far enough back of the road so I could miss it. As to how far back of me it was, it looked as if then it was 150 feet, at least. * * * When I was entering the intersection the car from the north was about 150 feet away. * * * At that time I was just entering the intersection. I went on through, feeling sure I could get through. * * *

"When the accident took place the rear end of the car was through the center of the intersection. My wheels were over the middle line of the north and south road. They were over that to the west. * * * I saw the Chulski car three times. * * * I was about 750 feet from the intersection when I saw him that first time. There was more dust than car that I saw over on his road. I realized there was a car there. * * * I should say that cloud of dust was 2,500 feet from that intersection when I first saw it. I was about 750 feet from the intersection. I should say it was between three or four times as far away from the intersection as I was."

When plaintiff's driver saw defendant's car the second time, looking to the rear of the schoolhouse, he was about 375 feet from the intersection and defendant about 1,500 or 1,800 feet from it. The third time he saw defendant's car was after he cleared the schoolhouse and was about 50 feet from the intersection and defendant about 150 feet from it.

He further testified:

"There was no time as I pulled up to that intersection and started across it that I, in my own mind, had any doubt about making the crossing, safely, ahead of the other car.

"I was more sure of making it safely ahead of the car that was south, going north. Whatever doubt I had about getting across there safely had reference to the Chulski car going south. * * *

"*Q.* The situation was, Mr. LaRose, that when you saw the Chulski car 150 feet away, and you were 74 feet away from the point of the injury, that these cars were in such situation that if both continued at the same speed and in the same direction, there would be a collision? * * *

"*A.* Yes, sir."

Neither driver slackened speed at the intersection. The car carrying plaintiff was traveling 35 or 40 miles per hour. Defendant was on the proper side of the north and south highway. Plaintiff's driver took a chance in crossing the intersection, and his testimony that he felt sure he could do so with safety did not, under the circumstances detailed by him, suffice to send an issue to the jury of whether he exercised the care of a reasonably prudent person. The situation was within his control and the exercise of a little care on his part would have avoided the collision. Had plaintiff's driver recognized defendant's right of way by slackening the speed of his car a trifle there would have been no collision.

The instant case is so clearly ruled by *Geeck* v. *Luckenbill,* 215 Mich. 288, as to render further citation of authority unnecessary.

The judgment is reversed, without a new trial, and with costs of both courts to defendant.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.