BUTLER v. JONES.

AUTOMOBILES—CONTRIBUTORY NEGLIGENCE IMPUTED TO PASSENGER—INTERSECTIONS—LEFT TURNS.

Motorist who drove car westerly on proper side of street at 8 p. m. on an evening early in May until reaching an intersecting street from the south and who, just before reaching the intersection, had seen defendant's car with headlights lighted approaching about 400 feet west of intersection at between 25 and 30 miles an hour, a speed in excess of that permitted by ordinance, and was hit when nearly across south side of street both cars had been traveling on after having reduced his speed and who failed to look again to west before making left turn into intersecting street *held*, guilty of contributory negligence imputable to plaintiff, his passenger.

Appeal from Wayne; Stein (Christopher E.), J., presiding. Submitted October 12, 1937. (Docket No. 107, Calendar No. 39,731.) Decided December 14, 1937.

Case by George W. Butler against Paul L. Jones for personal injuries sustained in a collision of automobiles at an intersection. Judgment for plaintiff. Defendant appeals. Reversed.

*William J. Eggenberger,* for plaintiff.

*Frederick J. Ward,* for defendant.

BUTZEL, J. Fenkell avenue in the city of Detroit is a stop street, 40 feet in width, running east and west, and Penrod street, running north and south, intersects the south side of Fenkell avenue. Shortly after 8 o'clock in the evening on May 3, 1935, a Mr. Kerr was driving his car with plaintiff as a passenger at a rather slow rate of speed in a westerly direction along the north side of Fenkell avenue and approaching the Penrod street intersection. At the same time defendant, driving his car in an easterly direction on the south side of Fenkell avenue, was also approaching the Penrod street intersection. When the Kerr car was still on the north and proper side of Fenkell avenue, both Kerr and plaintiff saw defendant's car 400 feet west of the Penrod intersection. Defendant's car was proceeding at between 25 and 30 miles per hour. Its lights were lit, the visibility was good notwithstanding that there was a slight mist in the air and the pavement was wet. It was Kerr's purpose to go from the north side of Fenkell avenue across to the south side and down Penrod street. Penrod street is 23 feet in width. It has unpaved strips on each side each 22½ feet in width. Beyond the strips are concrete sidewalks 5 feet in width. When Kerr's car was still on the north side of Fenkell avenue, at a point where the east sidewalk of Penrod street, if extended, would have crossed the

north side of Fenkell avenue, Kerr made an observation and saw defendant's car approaching. Kerr drove his car very slowly ahead and made a turn south in order to go into Penrod street. He stated that he slackened the speed of his car, brought his car almost to a standstill, reducing his speed to from 5 to 10 miles per hour, that he opened the window and put his arm out. When he had almost negotiated the distance across Fenkell avenue and was about to enter Penrod street, his car and the oncoming car of defendant collided with serious consequences. Plaintiff made no remonstrance and gave no word of caution to Kerr.

The case was tried without a jury and the judge refused to grant a motion for a directed verdict, but at the end of the testimony entered judgment for plaintiff for a substantial amount. A number of questions are raised by defendant on appeal. We only need consider one of them.

Assuming that defendant was guilty of negligence and was violating an ordinance of the city of Detroit, which was not introduced, nevertheless plaintiff cannot recover on his own showing. Kerr was guilty of contributory negligence and this is imputable to plaintiff. According to the undisputed testimony, Mr. Kerr saw defendant's car approaching from the west along its proper side of the street. Kerr made no further observation as to the movement of defendant's car until he had traveled 60 more feet when, too late, he looked, just before the impact. With his knowledge that the car was approaching on its proper side of the street, it was his duty to look. Had he kept his eye on the car, or looked on crossing to the south side of the street, undoubtedly he would have stopped in time or increased the speed, and in either event, would have

reached a place of safety. His car was going so slowly that it could have been stopped within a very short distance, if not instantly. It may be questioned whether, under the circumstances, defendant on the right side of the road would not have the right to assume that Kerr would not drive into his path. There can be no question but that Kerr was negligent in so driving. Kerr had ample warning of the approach of the automobile on its proper side. He did not even have to guess its location; he knew it was approaching and could have seen it if he had made a second observation. Without paying any further attention after first seeing the oncoming car and knowing it was approaching, he slowly drove a short distance into its path. Even if defendant was exceeding the speed limit, such fact does not excuse plaintiff's want of reasonable care. *DeCoopman* v. *Hammond,* 279 Mich. 619; *Young* v. *Martinich,* 279 Mich. 267.

The judgment is reversed, without a new trial and, with costs to defendant.

FEAD, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.