## KOEHLER *v*. THOM.

1. AUTOMOBILES—INTERSECTIONS—CONTRIBUTORY NEGLIGENCE.

   In action for injuries received when cars of respective parties collided at an intersection plaintiffs must show that driver of their car was free from contributory negligence in order to recover.

2. SAME—INTERSECTIONS—CONTRIBUTORY NEGLIGENCE—EVIDENCE—DIRECTED VERDICT.

   In action for injuries sustained by plaintiffs when car in which they were riding northerly collided with defendant's eastbound car at an intersection of county highways, where plaintiff's driver, when 40 feet from corner saw defendant's car approaching about 80 feet away at speed of 55 miles an hour without any indication of slowing up, and failed to stop car in which plaintiffs were riding although able to do so even when 20 feet from corner because positive northbound car had right of way by reaching corner first, *held,* guilty of contributory negligence as a matter of law.

3. SAME—STATUTORY RIGHT OF WAY NOT ABSOLUTE.

   Statutory right of way provided to motorist at right is not an assurance of safety nor an absolute right under all conditions as both parties must use due care and driver on the right cannot continue to assume one on the left will accord right of way when circumstances would indicate the contrary to a reasonable person (1 Comp. Laws 1929, § 4712).

4. SAME—RIGHT OF WAY—STATUTES.

   Party having statutory right of way at an intersection still has duty to exercise reasonable care for his own safety (1 Comp. Laws 1929, § 4712).

5. SAME—CROSSING STREETS AND INTERSECTIONS.

   One must exercise due care when attempting to cross streets and intersections whether on foot or driving an automobile.

6. SAME—INTERSECTIONS—CONTRIBUTORY NEGLIGENCE.

  One is not free from contributory negligence who observes an automobile coming on an intersecting street and then proceeds to cross without giving heed to the oncoming vehicle until the instant before or at the time of collision.

Appeal from Lapeer; Cramton (Louis C.), J. Submitted June 14, 1938. (Docket No. 98, Calendar No. 40,139.) Decided October 3, 1938.

Separate cases by Anna Koehler, Max Koehler, William Koehler, and Wanda Klatt against Howard Thom for personal injuries and damages to property sustained in an automobile collision at an intersection. Cases consolidated for trial and appeal. Verdicts and judgments for plaintiffs. Defendant appeals. Reversed without a new trial.

  *Geo. W. DesJardins,* for plaintiffs.

  *William J. Eggenberger,* for defendant.

SHARPE, J. This case arises out of a collision between two automobiles at the intersection of the Lapeer-Columbiaville road, known as county road No. 490, which runs north and south and county road No. 403 which runs east and west in Lapeer county, Michigan. Both roads are of gravel construction, about 20 feet wide, and at the time of the collision were in good condition. Neither road is superior to the other, there being no stop signs at this intersection.

On Sunday, June 21, 1936, at about the hour of 12:30 p. m., plaintiff William Koehler together with Max and Anna Koehler, his father and mother, and Wanda Klatt, a passenger, were traveling in a northerly direction on county road No. 490 at a

speed of about 35 miles per hour and as William Koehler, the driver of plaintiffs' car, approached the intersection, he looked to the right and left for possible traffic on the east and west road. When he was 40 feet from the south edge of the intersection, he saw defendant's car approaching from the west at a point 80 feet west of the intersection traveling at a speed of 55 miles per hour. At a point 40 feet south of the intersection the view to the west is limited to 80 or 90 feet. Plaintiffs' car entered the intersection first; Koehler blew his horn when he sighted defendant's car; and when he saw that the cars were about to collide, stepped on the gas, but was not successful in avoiding a collision.

Plaintiffs brought separate suits. When the cause came on for trial the cases were consolidated. At the close of plaintiffs' proofs and at the close of all proofs, defendant made a motion for a directed verdict upon the ground that the driver of plaintiffs' car was guilty of contributory negligence. Both motions were denied and the cause was submitted to the jury which returned verdicts for all of the four plaintiffs. Defendant appeals.

It is the claim of plaintiffs that the driver of plaintiffs' car had the right of way (1 Comp. Laws 1929, § 4712 [Stat. Ann. § 9.1580]) and had a right to assume that defendant would accord him the right of way. It is elementary that if plaintiffs are to recover they must show that the driver of their car was free from contributory negligence, none of plaintiffs being minors.

William Koehler testified as follows:

"*Q.* As you approached the intersection you say you looked to the left?

"*A.* That is right.

"*Q.* Was there any car approaching the intersection?

"*A.* There was a car approaching the intersection.

"*Q.* When did you first see that car?

"*A.* It was approximately 80 feet from the intersection. * * *

"*Q.* And at the time it was 80 feet from the intersection, where were you?

"*A.* Approximately 40 feet from the intersection.

"*Q.* What did you do as you saw the car approaching the intersection which you were also approaching, what did you do?

"*A.* Continued on.

"*Q.* You continued on. Will you describe what the approaching car did?

"*A.* It continued on its course.

"*Q.* How fast was that approaching towards your car?

"*A.* Approximately 55 miles an hour. * * *

"*Q.* Did you deviate from that direction as you went through the intersection, intentionally I mean?

"*A.* No, sir. * * *

"*Q.* After you had traversed that 40 feet and entered the intersection you say you continued to observe it, now tell us where it was with reference to the intersection?

"*A.* He was entering the intersection also. * * *

"*Q.* Well, where was your car when it was struck?

"*A.* Slightly beyond the center of the intersection. * * *

"*Q.* Now as you approached that intersection you say you were approximately 40 feet from the intersection when you first observed him coming towards you; could you have stopped at that time had you known it was necessary?

"*A.* Yes, sir.

"*Q.* And why did you not believe it to be necessary?

"*A.* Because I was at the intersection first. * * *

"*Q.* Now did Howard Thom's car slacken its speed at any time from the time you first saw it 80 feet back until the time of the impact?

"*A.* Not to my knowledge.

"*Q.* And your best judgment is that the Thom car was traveling about 55 miles per hour when you first saw it?

"*A.* Yes.

"*Q.* Did you have, or notice anything about the Thom car that would indicate that he was going to stop? * * *

"*A.* No. * * *

"*Q.* In other words, seeing that car approach as you did, you took no steps to slacken the speed of your car or stop your car and let the car go through, did you?

"*A.* No. * * *

"*Q.* When you were say 30 feet back from the intersection, south of it, the south line of east and west road, could you have stopped your car before entering the intersection?

"*A.* Yes, sir.

"*Q.* Could you have stopped your car before entering the intersection when you were 40 feet away from the south line of the east and west road?

"*A.* Yes, sir.

"*Q.* Could you have stopped your car when you were 20 feet away from the south line of the east and west road?

"*A.* Yes, sir."

The testimony shows that both drivers continued on into the intersection without any attempt to slacken speed; that when plaintiffs' driver was 40 feet from the south edge of the intersection he saw defendant 80 feet away driving at the rate of 55

miles per hour without any indication of slowing up; and that plaintiffs' driver could have stopped his car when he was 20 feet south of the intersection, but failed to do so because he was positive that he had the right of way. The principles of law applicable to the factual situation presented in this cause are found in *Kerr* v. *Hayes,* 250 Mich. 19, where Mr. Justice FEAD speaking for the court said:

"The statutory right of way is not an assurance of safety, nor an absolute right in all conditions, but * * * both drivers must use due care. A driver cannot continue to assume that the one on the left will accord him right of way when the circumstances would indicate the contrary to a reasonable person.

"The rules announced in these cases presuppose that a driver has made suitable observation of approaching cars, and, from the conditions as they appeared to him, has formed a reasonable belief that he could cross in safety. As plaintiff did not look to the left he could not have formed any belief from the conditions. He is chargeable with having seen what he should have seen, that defendant's car was about twice the distance from the crossing as his own, approaching at about twice his own speed, without, at any time, giving any indication of according plaintiff the right of way, and that a collision was inevitable unless he took measures to avoid it."

In *Block* v. *Peterson,* 284 Mich. 88, we said:

"The statutory right of way is not an assurance of safety, nor of absolute right under all conditions. Both parties must use due care. A driver cannot continue to assume the one on the left will accord him the right of way when the circumstances would indicate the contrary to a reasonable person. *Kerr* v. *Hayes,* 250 Mich. 19. It was incumbent upon both plaintiff and defendant in approaching the intersec-

tion to use care commensurate with the obvious circumstances regardless of which had the favored road. *Benson* v. *Tucker,* 252 Mich. 385. Though plaintiff may have had the right of way at the intersection, the duty was incumbent upon him to exercise reasonable care for his own safety. One must exercise due care when attempting to cross streets and intersections whether on foot or driving an automobile. One is not free from contributory negligence who observes an automobile coming on the intersecting street and then proceeds to cross without giving further heed to the oncoming vehicle until the instant before or at the time of collision. *Ude* v. *Fuller,* 187 Mich. 483; *Geeck* v. *Luckenbill,* 215 Mich. 288; *Smith* v. *Ormiston,* 242 Mich. 600.''

Under the facts as shown in this cause, plaintiffs' driver with the use of ordinary care could have prevented the accident. His failure to use such care makes him guilty of contributory negligence and precludes his recovery.

The judgment of the lower court is reversed, without a new trial. Defendant may recover costs.

WIEST, C. J., and BUSHNELL, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred. BUTZEL, J., did not sit.