CLINE *v.* KILLINGBECK.

1. AUTOMOBILES—COUNTRY  INTERSECTION—CONTRIBUTORY  NEGLI-
GENCE—DIRECTED VERDICT.
On appeal from directed verdict and judgment for defendant in
action for personal injuries, arising out of collision of westerly
and southerly driven automobiles at intersection of country
highways, plaintiff whose view of defendant at the right was
obstructed by a high growth of sweet clover until he had en-
tered the intersection *held*, guilty of contributory negligence
as a matter of law where his testimony shows he was going
8 miles an hour, could have stopped in 3 or 4 feet, but failed
to look to the north after passing obstruction.

2. NEW TRIAL—SUBSEQUENT NEGLIGENCE—PLEADING.
Motion for new trial because court failed to submit to jury
question of whether defendant's negligence at an intersection
of country highways was subsequent to that of plaintiff *held*,
properly denied where subsequent negligence was not pleaded
or proved, amendment of declaration was not sought, and
nothing was mentioned about it until after the case had come
to an end.

3. NEGLIGENCE—SUBSEQUENT NEGLIGENCE.
The doctrine of discovered or subsequent negligence involves
a confession of negligence on the part of a plaintiff and avoid-
ance of the bar of contributory negligence by discovery or
notice thereof by a defendant in time and with opportunity
to prevent injury.

Appeal from St. Clair; George (Fred W.), J.
Submitted January 4, 1939. (Docket No. 29, Calen-
dar No. 40,003.) Decided March 9, 1939.

Case by Bert E. Cline against Clyde Killingbeck
for personal injuries sustained in collision of auto-

mobiles at an intersection. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Harold M. Seacord,* for plaintiff.

*Stewart & Black* (*Wm. C. Searl,* of counsel), for defendant.

WIEST, J.   At the intersection of two gravel roads in the country, the forenoon of a July day in 1936, plaintiff's automobile, going west, was struck by defendant's automobile, going south.   Plaintiff brought this action to recover damages for personal injuries he sustained, and prosecutes this appeal from a directed verdict and judgment for defendant.

As plaintiff approached the intersection, he claims his view to the north was obstructed by a high growth of sweet clover.   He admits that after passing such obstruction and just as he was entering the intersection he failed to take another view then open to him and drove ahead.   Defendant approached the intersection from plaintiff's right.   Neither highway was a preferred one.

We quote the following from plaintiff's testimony:

"*Q.* Now, when you came to the east side of the Town Line road, you were going around 8 miles an hour, is that it?

"*A.* Somewhere around there.

"*Q.* Were the brakes on your car all right?

"*A.* Yes, sir.

"*Q.* At that speed you could stop your car in a matter of 3 or 4 feet?

"*A.* Instantly almost.

"*Q.* If you had looked to the north at that point and seen the car coming, you could have stopped without going on the road at all, couldn't you?

"*A.* Yes, sir.

"*Q.* But the last look you took to the north was some distance back of the intersection?

"*A.* Yes, sir, back of the intersection."

Granting plaintiff's testimony the most favorable consideration, it discloses that his view was obstructed until at or about the entrance to the intersection, and at that point he did not look for the oncoming traffic and, had he done so, he was in a position to have had a view of defendant's approach and time and ability to have stopped his car and avoided the collision.

In the motion for a new trial plaintiff invoked the doctrine of discovered or subsequent negligence of defendant, not before claimed, and at variance with his declaration, and not within any of the proofs.

The circuit judge, in denying the motion, stated:

"Another reason for the claim that plaintiff is entitled to a new trial is that the court erred in failing to submit the plaintiff's contributory negligence and defendant's negligence to the jury for the purpose of determining as to whether or not the doctrine of after-discovered negligence was applicable to the facts. In this regard the court finds that such question of subsequent negligence was not pleaded, no motion was made to amend plaintiff's declaration, and nothing was mentioned in regard to after-discovered negligence until after the case had come to an end."

The declaration alleged due care on the part of plaintiff and negligence on the part of defendant. The doctrine of discovered or subsequent negligence involves a confession of negligence on the part of a plaintiff and avoidance of the bar of contributory negligence by discovery or notice thereof by a defendant in time· and with opportunity to prevent injury. In the case at bar plaintiff claimed at the

trial that he exercised due care and the accident was by reason of the negligence of defendant. His proofs, however, did not support such claim but to the contrary established the fact that he did not exercise reasonable care. Plaintiff's own testimony disclosed that he was guilty of contributory negligence as a matter of law, and the court was not in error in directing verdict and entering judgment for defendant.

Affirmed, with costs to defendant.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, and MCALLISTER, JJ., concurred. NORTH, J., took no part in this decision.