HUBER *v.* PAQUETTE.

1. AUTOMOBILES—INTERSECTIONS—RIGHT OF WAY—ORDINANCES—STATUTES—NEGLIGENCE.

Provisions of general regulation of automobile traffic contained in city ordinance and State statute, stating that when two vehicles enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right, grant no fixed rights regardless of existing circumstances as persons are required to exercise

reasonable care to save themselves from injury by reason of apparent negligence of another (Saginaw Ordinance No. B-325, § 10[a]; 1 Comp. Laws 1929, § 4712).

2. SAME—INTERSECTIONS—RIGHT OF WAY.

It is incumbent upon both drivers in approaching an intersection to use care commensurate with the obvious circumstances regardless of which had the favored road.

3. SAME—INTERSECTIONS—VIEW—SPEED—CONTRIBUTORY NEGLIGENCE —DIRECTED VERDICT.

Eastbound plaintiff motorist whose view to south at intersection of streets paved to width of 30 feet was obstructed by a building and parked cars, who shifted into second gear and started across at speed of 8 or 9 miles an hour and then saw northbound defendant's car approaching about 300 feet away ''at an awful rate of speed'' and which did not slow down as plaintiff observed it approach, *held*, as a matter of law, guilty of contributory negligence in failing to stop notwithstanding she had entered the intersection first (Saginaw Ordinance No. B-325, § 10[a]; 1 Comp. Laws 1929, § 4712).

Appeal from Saginaw; O'Neill (James E.), J. Submitted April 3, 1940. (Docket No. 34, Calendar No. 40,991.) Decided June 3, 1940.

Case by Bertha Huber against Theodore J. Paquette for damages for personal injuries sustained in a collision between automobiles at a city street intersection. Verdict and judgment for plaintiff. Defendant appeals. Reversed.

*Clarence J. Brainard* and *Otto, Holland & Otto,* for plaintiff.

*H. Monroe Stanton,* for defendant.

WIEST, J. During the noon hour of September 29, 1936, at the intersection of Federal avenue and South Second street, in the city of Saginaw, there was a collision between an automobile driven by plaintiff east on Federal avenue and an automobile driven

north by defendant on South Second street, and plaintiff brought this suit to recover damages for personal injuries she claims to have sustained and for damage to her car. The issues thereon were tried by a jury and plaintiff had verdict and judgment thereon for $1,566.50. The court denied defendant's requests for a directed verdict at the close of plaintiff's proofs and at the close of all the proofs, and refused to enter judgment for defendant notwithstanding the verdict.

Defendant, by appeal, claims that plaintiff under her own testimony was guilty of contributory negligence and the court was in error in denying his motions and also in refusing requested instructions to the jury and in the instructions given.

Both streets are paved to a width of 30 feet. The intersection was without special regulation. An ordinance of the city* contained a general regulation that:

"The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection. When two vehicles enter an intersection at the same time, the driver of the vehicle on the left shall yield to the driver on the right."

The statute, 1 Comp. Laws 1929, § 4712 (Stat. Ann. § 9.1580), provides:

"When two vehicles enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right."

The ordinance and the statute grant no fixed rights regardless of existing circumstances. Persons are required to exercise reasonable care to save them-

---

* Saginaw Ordinance No. B-325, § 10(a).—REPORTER.

selves from injury by reason of apparent negligence of another.

In *Sonfilian* v. *Wiedman* (syllabus), 291 Mich. 697, we held:

"It is incumbent upon both drivers in approaching an intersection to use care commensurate with the obvious circumstances regardless of which had the favored road."

In that case Mr. Justice SHARPE, speaking for the court, said:

"Plaintiff first saw defendant's car when it was approximately 600 feet away. Plaintiff continued on into the intersection and traveled a distance of about six feet into the intersection when he saw defendant approaching about 300 feet away and traveling at a high rate of speed. At this point, plaintiff had a distance of 30 to 45 feet to travel in order to reach a place of safety. At the rate of speed plaintiff had been traveling, he must have known or should have known the possible danger in attempting to pass in front of a rapidly moving vehicle. His failure to use the proper precautions under the circumstances makes him guilty of contributory negligence and precludes his recovery."

In the case at bar as plaintiff approached the intersection her view to the south was obstructed by a building at the corner and by parked automobiles, so she shifted to second gear and started across at a speed of 8 or 9 miles per hour, looked south and testified she saw defendant's car approaching about a half block or "perhaps 300 feet" away "at an awful rate of speed and I was afraid to take my hand off the steering-wheel to shift into high. I knew I couldn't make it. I expected him to slow down and he didn't do it."

"*Q.* When you saw him down there that number of feet, witness, did you believe you had time to cross over that intersection there?

"*A.* Yes, I did. I had the right of way. I was crossing. I got into the intersection.    *    *    *

"I kept on going and I had my eyes right on his car and I was afraid to take my hands off the steering-wheel to shift into first until I got away from him. I was in the intersection then.

"I was half way across when he hit me.    *    *    * I have driven cars since 1929."

The brakes on plaintiff's car were in good condition.

On cross-examination plaintiff testified:

"*Q.* When you saw his car coming did you attempt to stop right away?

"*A.* Why should I? I had the right of way. I was ahead of him. I had a right to cross that intersection when he was a half block away.

"*Q.* You saw him when he was half a block away?

"*A.* Yes, sir.

"*Q.* And you didn't attempt to stop?

"*A.* I didn't have to stop for him. I had the right of way.

"*Q.* You could have stopped when you saw him first as far as the brakes on your car were concerned?

"*A.* Yes, my brakes were good.

"*Q.* And you could have stopped when you saw him first?

"*A.* Should I stop when he was half a block away?

"*Q.* You could have stopped when you first saw him, witness, couldn't you?

"*A.* If I would have wanted to.

"*Q.* Could you or couldn't you, witness?

"*A.* Why certainly."

Plaintiff also testified that the brakes on the car were good and, at the rate of speed she was driving when her car had entered the intersection only 4

or 5 feet and she first saw defendant's car approaching at a high speed, she could have stopped her car almost instantly.

The answer to plaintiff's query "Why should I" stop? "I had the right of way," is found in her testimony we now quote:

"The defendant's car was coming 45 to 50 miles an hour when I saw it first. I judged it to be about that. The car did not slow down from the time I first saw it until the accident occurred. I judged it came faster. I never did change to high gear. My car was in second gear. I didn't step on the accelerator to make my car go any faster. I continued on across the intersection at the same rate of speed."

Under the evidence defendant was guilty of negligence and plaintiff, under her own testimony, was guilty of contributory negligence barring recovery and the court should have directed a verdict to such effect. *Koehler* v. *Thom,* 285 Mich. 593; *Sonfilian* v. *Wiedman, supra.*

The judgment is reversed without a new trial, and with costs to defendant.

Bushnell, C. J., and Sharpe, Potter, Chandler, North, McAllister, and Butzel, JJ., concurred.