## AYERS *v.* ANDARY.

1. AUTOMOBILES—INTERSECTIONS—CONTRIBUTORY NEGLIGENCE—DISTANCE—SPEED.

Plaintiff motorist approaching an intersection of city streets who observes defendant motorist approaching same intersection from right must not only make proper observation as to distance defendant's car is from point of possible collision but also make some observation and judgment of its approximate speed in order to avoid being held guilty of contributory negligence as a matter of law.

2. SAME—INTERSECTIONS—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

More than a fleeting glance at a car approaching same intersection as plaintiff is necessary if he seeks to avoid the burden of contributory negligence.

3. SAME—INTERSECTIONS—CONTRIBUTORY NEGLIGENCE.

One is not free from contributory negligence who observes an automobile coming on an intersecting street and then proceeds to cross without giving heed to the oncoming vehicle until the instant before or at the time of collision.

4. SAME — INTERSECTIONS — CONTRIBUTORY NEGLIGENCE — IMPUTED NEGLIGENCE.

In action for personal injuries by passenger in easterly driven car on street paved 24 feet wide against motorist proceeding north on street paved 30 feet wide for injuries suffered by plaintiff when the two cars collided at intersection of two city streets, neither of which was a through street at that place, plaintiff's driver, about to enter intersection, who saw defendant approaching about 125 or 150 feet south and then continued into intersection at speed increased to 15 or 20 miles an hour was, as a matter of law, guilty of contributory negligence imputable to plaintiff.

STARR and BUSHNELL, JJ., dissenting.

Contributory negligence, see 2 Restatement, Torts, § 475. That a reasonable man must coordinate his faculties and opportunities for perception and reasonable intelligence and judgment, see 2 Restatement, Torts, § 289 and comments.

Function of court and jury on question of contributory negligence, see 2 Restatement, Torts, § 476 and comment (a).

Restatement rule on imputed negligence found at 2 Restatement, Torts, § 490, is not in accord with Michigan law.

Appeal from Ingham; Carr (Leland W.), J. Submitted January 14, 1942. (Docket No. 39, Calendar No. 41,811.) Decided April 15, 1942.

Case by Ruth N. Ayers against James A. Andary for personal injuries sustained in a collision between automobiles. Verdict and judgment for plaintiff. Defendant appeals. Reversed.

*Fred L. Warner*, for plaintiff.

*Kelley, Eger & Kelley*, for defendant.

BUSHNELL, J. (*dissenting*) This is a street intersection automobile collision case. The chief issue is: Was Russell G. Clements, the driver of the car in which plaintiff Ruth N. Ayers was a guest passenger, guilty of contributory negligence as a matter of law? The trial judge submitted the question to the jury and the finding was adverse to the defendant, Jacob A. Andary.

Plaintiff is the wife of Clifford Ayers, of the city of Lansing. On Sunday, August 4, 1940, Clements and his wife, who live in the city of Detroit, were visiting at the Ayers home. After dinner, Mrs. Ayers and Mrs. Clements and their daughters got into the Clements' car to take the Ayers' daughter to work and the Clements' daughter to visit friends. While returning from this trip the Clements' car approached Logan street from the west on Oakland street. At the same time defendant Andary's car was approaching Oakland street from the south on Logan street. On the southwest corner of this intersection is a church and a tree, neither of which obstructs the view to the south. At Saginaw and Logan streets, two blocks south of the scene of the accident, is a traffic light, but neither Logan nor Oakland is a stop street where they intersect. The day was bright and clear and the pavement was dry.

Clements, the driver of the car in which plaintiff

Ayers was riding, testified that, as he reached the intersection, he noticed a car approaching from the south about 125 to 150 feet away, and there was no traffic from the other direction. He said that he slowed down about five miles an hour as he approached Logan street, and then proceeded into the intersection at about 15 miles per hour, and had attained a speed of about 18 to 20 miles per hour at the time of impact. When he got about half way across Logan street he said he again saw the Andary car, this time about 30 to 35 feet away, and traveling at a speed of at least 60 miles an hour. Realizing that an accident was inevitable, he swerved his car to the left. According to Clements, when his car was two-thirds of the way through the intersection it was struck by the Andary car in back of the front seat, and he was thrown from his car onto a near-by lawn. The Clements car came to a stop on the sidewalk on the north side of a fire hydrant which is located between the curb and sidewalk on the north side of Oakland street about 40 feet east of the east curb line of Logan street.

Defendant Andary testified that he was going north on Logan street to his home on Glenrose street and had stopped for a red light, where he turned from Saginaw onto Logan. As he approached Oakland street he looked both ways and did not see any other automobile. He said he was then driving his car to the right of the center of Logan street at approximately 25 miles per hour. When he reached the intersection of Oakland street he again looked and saw nothing approaching from the east but, as he looked to the west, he saw a Ford car coming towards him from his left on Oakland. He said he slammed on his brakes but was unable to avoid the collision. After the accident his car came to an immediate stop in the intersection slightly to the right and facing slightly southeast

The record contains other conflicting testimony with respect to various distances and estimates of speed, and there is corroborating testimony supporting the contentions of both parties.

We have held in a number of cases that contributory negligence is generally a question of fact for the jury, and that, in order to justify a holding of contributory negligence as a matter of law, the evidence should be such that all reasonable minds should reach the same conclusion. *Golob* v. *Detroit United Railway,* 228 Mich. 201; *Adams* v. *Canfield,* 263 Mich. 666; *Thompson* v. *Michigan Cab Co.,* 279 Mich. 370. In the *Thompson Case* the court said:

"It is an impossibility to lay down precise rules by which we may measure all acts of contributory negligence. Some cases must, of necessity, stand or fall on their own facts. What one does or fails to do, as relates to the circumstances under which he acts, is the test to be applied."

Defendant contends that the evidence conclusively shows that Clements either made no observation before crossing the street or, at best, took only a fleeting glance in the direction of defendant's car. See *Nelson* v. *Linderman,* 288 Mich. 186. However, we find sufficient evidence in the record to justify the jury's findings that Clements made proper observations.

Appellant also contends that there is no evidence from which the jury could find that Clements formed a belief that it was safe for him to cross Logan street after observing defendant's car, and that formation of a reasonable belief that he could cross the intersection in safety was essential to negative contributory negligence. See *Kerr* v. *Hayes,* 250 Mich. 19.

The record does not show that Clements expressly stated that he formed such a belief or reached such

a conclusion, but, from the fact that after observing defendant's car he did proceed across the intersection, the jury could properly infer that he formed such a belief. It is not unreasonable to conclude that one can drive his car across an intersection in safety when the nearest approaching car is from 125 to 150 feet away.

We make no attempt to harmonize the physical facts because we cannot expect lay witnesses to be mathematically exact in their estimates of distances and speeds and a reasonable interpretation of such testimony must be permitted. It is sufficient to say that the jury could find from the testimony that the accident happened substantially as claimed by plaintiff.

Appellant complains as to errors in the charge, but a reading of the charge in its entirety shows that defendant's theory of the case was fairly presented to the jury.

The judgment entered upon the verdict of the jury should be affirmed, with costs to appellee.

STARR, J., concurred with BUSHNELL, J.

NORTH, J. On the record before us it clearly appears that the driver of the car in which plaintiff was riding was guilty of contributory negligence as a matter of law; and such contributory negligence is imputable to plaintiff. Defendant's motions for a directed verdict and later his motion for judgment notwithstanding the verdict should have been granted. On such a record I cannot concur in affirmance of judgment for plaintiff.

Plaintiff's driver, Russell Clements, was proceeding in an easterly direction on a paved street which was 24 feet wide. Defendant was driving in a northerly direction on an intersecting paved street which was 30 feet between the curbs. The accident

happened in the afternoon of a pleasant day, the pavements were dry, the traffic was light, and no distracting circumstances were present at the time of the accident. Plaintiff's driver was familiar with the locality, having formerly lived in the neighborhood. The two streets intersect at right angles, and as the two vehicles approached the intersection there was "nothing at all" to obstruct the view of the respective drivers. Neither of these streets was a stop street. Plaintiff's driver slowed down approximately 5 miles an hour before entering the traveled portion of the intersecting street, and at that time he saw defendant's car approaching from 125 to 150 feet south of the intersection. Plaintiff's driver proceeded and increased his rate of speed to 15 miles per hour, possibly to 18 or 20 miles at the point of impact. Upon making a second observation to his right just before the instant of collision plaintiff's driver again observed defendant's car approaching and, according to plaintiff's witnesses, it was traveling at least "60 miles an hour." However, witnesses for defendant testified that defendant's car was approaching at a slower rate of speed, 15 to 25 miles per hour. As they approached the intersection each of the drivers of the autos involved in the accident saw the other vehicle traveling towards the intersection. Notwithstanding this each proceeded to the point of the impact with exactly the consequences which should have been foreseen by both of them.

It is true plaintiff testified that practically at the time the car in which she was riding was entering the traveled portion of Logan street she observed defendant's car "perhaps 125 feet" south of the intersection and that while she was not able to judge the speed of defendant's car, "it seemed far enough away," and thus inferring that plaintiff's driver

was justified in proceeding across the intersection because, as plaintiff testified: "There was nothing about the speed of the (Andary) car at that time to attract your (her) attention." Apparently the case sought to be made is one wherein plaintiff or her driver made an observation, formed a rational judgment it was safe to proceed, but was mistaken; and therefore it is urged the issue of contributory negligence was for the jury. One may not escape the consequences of his own negligence on such a claim or theory in a case where all the physical facts conclusively establish that by proceeding into the path of an oncoming automobile plaintiff's driver was taking a chance which no one in the exercise of ordinary care and caution should take. It overtaxes one's credulity and belies the physical facts, under the circumstances of the case, to conclude that these two approaching vehicles were driven to the point of collision except each of the drivers was negligent.

The only fair and reasonable construction that it is possible to place upon the record before us is that while plaintiff's driver was just about to enter the intersection of Logan street he slackened the speed of his car about 5 miles per hour, made an observation to his right and saw defendant's car approaching at a distance of 125 to 150 feet south of the intersection; but so far as disclosed by any testimony in the case he made no observation of the rate of speed defendant's car was traveling. Touching this phase of the case plaintiff's driver testified:

"*Q.* When you observed Mr. Andary's car approaching, if you did, then that car was travelling more than three times as fast as you?

"*A.* When I slowed up the first time—

"*Q.* Just a minute—

"*A.* I have got to say I don't know."

Later, and when defendant's car was approximately 30 feet from the point of impact and after it was too late to avoid the collision, plaintiff's driver made a second observation and according to his testimony defendant's car was then approaching at speed of "at least 60 miles an hour." Obviously the first observation made by plaintiff's driver of defendant's car amounted to no more than a fleeting glance of the oncoming car without forming any judgment whatever as to the rate of speed at which it was approaching. Under the circumstances of this case an observation of an approaching car in close proximity without giving any consideration to the rate of speed at which it is approaching was quite futile. If one is to make a proper observation of an oncoming car under the circumstances of the instant case, the observation must include not only the distance the approaching car is from the point of possible collision but also some observation and judgment of its approximate speed. This plaintiff's driver failed to do. In *Nelson* v. *Linderman,* 288 Mich. 186, we said:

"In the case at bar, plaintiff had to travel a distance of approximately 35 feet in order to get to a place of safety. He could stop his car within a distance of 4 or 5 feet. Under the circumstances in this case, plaintiff driver's failure to make any observations while he was traveling the last 25 feet precludes recovery. Something more than a fleeting glance at an approaching car is necessary if plaintiff seeks to avoid the burden of contributory negligence."

In the recent case of *Sonfilian* v. *Wiedman,* 291 Mich. 697, we said:

"In many cases we have held that one is not free from contributory negligence who observes an auto-

mobile coming on the intersecting street and then proceeds to cross without giving further heed to the oncoming vehicle until the instant before or at the time of collision, *Smith* v. *Ormiston,* 242 Mich. 600; *Koehler* v. *Thom,* 285 Mich. 593.''

This is not a case wherein distracting circumstances, adverse driving conditions, unforeseen or unanticipated conditions or circumstances resulted in a collision. Instead, it is a case wherein two drivers in broad daylight, with unobstructed view of each other, each with knowledge of the other's approach, in reckless disregard of their own safety and the safety of others in the vehicle, proceeded with disastrous results to the point of collision. Each driver was negligent.

While, as is to be expected, the facts vary from those of the instant case, the controlling legal principle and its application in this field of the law have been adhered to in so many of our decisions it would be futile to cite all of them. The following are among the more recent: *McKelvey* v. *Hill,* 259 Mich. 16; *Smith* v. *Wassink,* 262 Mich. 639; *Carey* v. *DeRose,* 286 Mich. 321; *Geisin* v. *Rebel Creamery Co.,* 286 Mich. 635; *Nelson* v. *Linderman, supra; Brenner* v. *Dykstra,* 289 Mich. 301; *Sonfilian* v. *Wiedman, supra; Huber* v. *Paquette,* 293 Mich. 370; *Plaskett* v. *Van Buren County Road Commission,* 295 Mich. 54; *Pierson* v. *Bailey Products Co.,* 298 Mich 243; *Taylor* v. *Williamson,* 298 Mich. 251.

The judgment entered in the circuit court is reversed and judgment entered on defendant's motion *non obstante veredicto,* with costs of both courts to defendant.

Chandler, C. J., and Boyles, Butzel, and Sharpe, JJ., concurred with North, J. Wiest, J., did not sit.