FRANCIS v. RUMSEY.

1. AUTOMOBILES—INTERSECTION—SPEED—CONTRIBUTORY NEGLIGENCE AS MATTER OF LAW.

Plaintiff, a westbound motorist on street paved 30 feet wide, who first saw southbound truck driven by defendant on street paved 42 feet wide when former was about 54 feet from center of intersection and latter about 150 feet at 10:45 p.m. early in June, but failed to observe or estimate defendant's speed until about two thirds of the way across intersection when it was too late to avoid a collision, *held*, guilty of contributory negligence as a matter of law, even when testimony is viewed in light most favorable to plaintiff on appeal from judgment for defendant notwithstanding verdict for plaintiff, where both cars were lighted and there were no obstructions to view.

2. SAME—INTERSECTIONS—SPEED—OBSERVATION—CONTRIBUTORY NEGLIGENCE.

A plaintiff motorist who fails to make observation as to speed of a defendant motorist's truck approaching intersection and formed no opinion or judgment as to its speed, who failed to keep a lookout and to make further observation to ascertain if he could safely proceed and in failing to exercise degree

Contributory negligence, see 2 Restatement, Torts, § 466, and particularly comment g, as to "causal" negligence.

of care and caution which an ordinarily careful and prudent person would have exercised under the same or similar circumstances is guilty of contributory negligence as a matter of law.

3. SAME—CONTRIBUTORY NEGLIGENCE—OBSERVATION OF APPROACHING CAR.

Something more than a fleeting glance at an approaching car is necessary if plaintiff motorist seeks to avoid the burden of contributory negligence.

4. SAME—CONTRIBUTORY NEGLIGENCE—INTERSECTIONS—HEEDLESS-NESS AS TO APPROACHING CARS.

One is not free from contributory negligence who observes an automobile coming on the intersecting street and then proceeds to cross without giving further heed to the oncoming vehicle until the instant before or at the time of collision.

5. SAME—ASSUMPTION AS TO DUE CARE ON PART OF APPROACHING MOTORIST—SPEED—NIGHTTIME.

A plaintiff motorist's right to assume defendant motorist approaching intersection would obey the law and not exceed the speed limit is qualified by plaintiff's duty to use care commensurate with the dangers reasonably to be anticipated and fact that the cars were being operated in the nighttime would not relieve plaintiff of his duty to make a proper observation or use care commensurate with dangers reasonably to be anticipated.

Appeal from Ottawa; Miles (Fred T.), J. Submitted October 7, 1942. (Docket No. 17, Calendar No. 41,875.) Decided November 25, 1942.

Case by Ray C. Francis against Peter Rumsey for injuries sustained in an intersectional collision between automobiles. Verdict for plaintiff. Judgment for defendant *non obstante veredicto.* Plaintiff appeals. Defendant cross-appeals. Affirmed.

*Mitts & Smith,* for plaintiff.

*Knappen, Uhl, Bryant & Snow (Donald G. Slawson,* of counsel), for defendant.

Starr, J.   Plaintiff appeals from a judgment of no cause of action for defendant, entered by the trial court notwithstanding a jury verdict for plaintiff. Defendant cross-appeals.

This case involves plaintiff's claim for damages resulting from an automobile accident occurring about 10:45 on the evening of June 5, 1940, at the intersection of Sixteenth street and Van Raalte street in the city of Holland.   Plaintiff, about 48 years old, accompanied by his stepson, was driving his 1930 Ford car west on Sixteenth street.   Defendant was driving his Ford pick-up truck south on Van Raalte street.   Both streets were paved, and neither was a through, or preferred, street.   Sixteenth street was about 30 feet and Van Raalte about 42 feet wide.   There was a parkway 12 feet and a sidewalk six feet wide on the east side of Van Raalte.   The night was "ordinarily dark."   Both cars had their lights on and, according to the testimony, were in good mechanical condition.

There was a house facing Sixteenth street located at the northeast corner of the intersection, the west side of the house being about 15 feet east of the sidewalk, and about 54 feet east of the center line of Van Raalte.   As plaintiff was passing the house, he looked to his right (north) and saw defendant's truck about 150 feet north on Van Raalte approaching the intersection.   Plaintiff testified, in part:

"*Q.*   What did you see of that vehicle (defendant's truck) as it was coming toward you?

"*A.*   I watched it about a second to see how it was coming there and I figured I had plenty of time to go across and I just started across and looked to my left and about that time the boy (stepson) hollered 'look out.'

"*Q.*   Where were you when the boy hollered 'look out?'

"*A.*   About two-thirds across the intersection.

"*Q.*  Did you look to your right at that time?

"*A.*  Yes.

"*Q.*  Did you see this other car?

"*A.*  I saw the other car, it was right at the cross-walk there.  *    *    *

"*Q.*  What happened next?

"*A.*  Why, I just turned—pulled my car to the left and stepped on the gas and tried to get away from him.  *    *    *  He struck the right rear of my car with the front of his.  *    *    *

"*Q.*  And approximately how far did the Rumsey car travel while you watched there for that second?

"*A.*  About 40 feet.  *    *    *

"*Q.*  You never applied your brakes?

"*A.*  Not after I was in the intersection.  *    *    * He was about 150 feet north when I was 53 feet or a little better east of the center line of the intersection.  *    *    *

"*Q.*  Did you form any judgment of the speed of the Rumsey car?

"*A.*  No, sir.

"*Q.*  Do you have any idea what speed it was going at?

"*A.*  No, sir.

"*Q.*  When you saw the Rumsey car did it seem to you to be slowing up any?

"*A.*  I don't know.  *    *    *

"*Q.*  *    *    *  You didn't notice whether his car was slowing up or speeding up, or anything about the speed, is that correct?

"*A.*  No.  *    *    *

"*Q.*  How fast would you say you were going as you entered the intersection?

"*A.*  Why, it was about 20 or a little less, because I had took my foot off and was allowing her to drag along; I expect I did put my foot on the accelerator a little bit to continue on through the intersection."

Plaintiff's testimony was substantiated, at least in part, by the testimony of his stepson who was riding with him. Plaintiff sustained severe personal injuries, and his car was badly damaged. Much of

the record is devoted to conflicting testimony regarding the injuries sustained by plaintiff and concerning the condition of his health prior to the accident.

At the conclusion of plaintiff's proofs defendant moved for a directed verdict on the ground "that plaintiff's undisputed testimony shows contributory negligence as a matter of law." The trial court reserved decision on such motion.

Defendant testified that he was driving his Ford pick-up truck south on Van Raalte street at a speed of about 25 miles an hour and that as he approached the intersection, he slowed down and looked to the left (east). He further testified, in part:

"When I first looked to the left I was approximately 60 feet back. * * * I did not see anything coming to my left on 16th the first time I looked. I looked to the left again when I was about 8 to 10 feet from the north crosswalk of 17th (16th). I saw headlights about 20 feet from the crosswalk of Van Raalte—it was out in the middle of the street—and estimated the speed of the car as 40 miles an hour. I slammed on the brakes and stopped just about the center line of 16th. The car hit the front end of my truck."

At the conclusion of defendant's proofs he renewed his motion for directed verdict. The court reserved decision, and the case was submitted to the jury which returned a verdict for plaintiff of $3,700.

Defendant then filed motion for judgment notwithstanding the verdict, on the ground that the testimony shows plaintiff was guilty of contributory negligence as a matter of law. The trial court granted such motion, and judgment notwithstanding the verdict was entered for defendant. The trial court's opinion stated, in part:

"The collision occurred at an intersection in the nighttime; plaintiff's observations prior to the col-

lision were very limited; defendant was on his right and approachng at a speed unknown and not estimated by the plaintiff.

"It is hard to account for the verdict of the jury under the circumstances; however, a review of the cases and of the facts is convincing that when we view the testimony on behalf of plaintiff and give it a construction most favorable to him, the conclusion is inevitable that he did not use ordinary care under the circumstances."

Plaintiff appeals, contending that the trial court erred in refusing to enter judgment in accordance with the jury's verdict, and in granting defendant's motion for judgment notwithstanding the verdict. In view of our decision we need not discuss defendant's contentions on cross-appeal.

The principal question requiring consideration and determination is: Was plaintiff guilty of contributory negligence as a matter of law?

In reviewing a judgment for defendant *non obstante veredicto* we view the facts in the light most favorable to plaintiff. *Saunders* v. *Joseph,* 300 Mich. 479; *Shank* v. *Lucker,* 296 Mich. 705; *Stephens* v. *Koprowski,* 295 Mich. 213.

In summary, the testimony shows that plaintiff, when about 54 feet east of the center of the street intersection, observed defendant's truck approaching on Van Raalte street from a point about 150 feet north of the north line of the intersection; that plaintiff made no observation as to the speed of defendant's truck and formed no opinion or judgment as to its speed; that plaintiff looked for "about a second" and "figured" that he had plenty of time to cross; that he then drove into the intersection, making no further observation of defendant's truck until about two thirds of the way across, and that it was then too late to avoid a collision.

The testimony and the physical facts clearly es-

tablish that plaintiff was guilty of contributory negligence, because (1) he failed to make observation as to the speed of defendant's approaching truck and formed no opinion or judgment as to its speed; (2) he failed to keep a lookout and to make further observation to ascertain if he could safely proceed; and (3) he failed to exercise that degree of care and caution which an ordinarily careful and prudent person would have exercised under the same or similar circumstances.

It is apparent that plaintiff could form no rational judgment that it was safe to proceed into the intersection without first forming some opinion or judgment as to the speed of defendant's approaching truck. Plaintiff testified that he did not "form any judgment of the speed" of defendant's truck and that he "didn't notice whether his (defendant's) car was slowing up or speeding up or anything about the speed." A somewhat similar factual situation was presented in *Ayers* v. *Andary*, 301 Mich. 418, in which Mr. Justice North, writing the majority opinion, stated, p. 425:

"Obviously the first observation made by plaintiff's driver of defendant's car amounted to no more than a fleeting glance of the oncoming car without forming any judgment whatever as to the rate of speed at which it was approaching. Under the circumstances of this case an observation of an approaching car in close proximity without giving any consideration to the rate of speed at which it is approaching was quite futile. If one is to make a proper observation of an oncoming car under the circumstances of the instant case, the observation must include not only the distance the approaching car is from the point of possible collision but also some observation and judgment of its approximate speed. This plaintiff's driver failed to do."

In *Nelson* v. *Linderman,* 288 Mich. 186, we said:

"Something more than a fleeting glance at an approaching car is necessary if plaintiff seeks to avoid the burden of contributory negligence."

In *Sonfilian* v. *Wiedman,* 291 Mich. 697, Mr. Justice SHARPE said:

"In many cases we have held that one is not free from contributory negligence who observes an automobile coming on the intersecting street and then proceeds to cross without giving further heed to the oncoming vehicle until the instant before or at the time of collision, *Smith* v. *Ormiston,* 242 Mich. 600; *Koehler* v. *Thom,* 285 Mich. 593; and that it is incumbent upon both drivers in approaching an intersection to use care commensurate with the obvious circumstances."

In *Boerema* v. *Cook,* 256 Mich. 266, we stated:

"His negligence consisted in failing to keep a lookout as he was crossing to see if he could continue on in safety. The requirement that one must use reasonable care for his own protection was not satisfied with the single observation which plaintiff made before entering the intersection. \* \* \* Throughout the distance which he traveled before the collision his view was unobstructed. If he had looked again he would have seen the defendant nearby bearing down on him at a high rate of speed. If he had looked he would have realized his danger in time to have avoided the collision either by accelerating his speed or reducing it."

"One is not free from contributory negligence who observes an automobile coming on the intersecting street and then proceeds to cross without giving further heed to the oncoming vehicle until the instant before or at the time of collision." *Block* v. *Peterson,* 284 Mich. 88, 95.

See, also, *Taylor* v. *Williamson,* 298 Mich. 251; *Cline* v. *Killingbeck,* 288 Mich. 126; *Carey* v. *De Rose,* 286 Mich. 321; *Koehler* v. *Thom,* 285 Mich. 593; *Wells* v. *Oliver,* 283 Mich. 168; *Butler* v. *Jones,* 282 Mich. 346; *DeCoopman* v. *Hammond,* 279 Mich. 619; *Donnelly* v. *Chulski,* 275 Mich. 22; *Kok* v. *Lattin,* 261 Mich. 362; *McKelvey* v. *Hill,* 259 Mich. 16; *Kerr* v. *Hayes,* 250 Mich. 19.

Plaintiff contends that he was entitled to assume that defendant would obey the law and would not exceed the speed limit, and that if he had done so, the accident would not have occurred. *Swainston* v. *Kennedy,* 253 Mich. 518; *Hale* v. *Rogers,* 244 Mich. 69; *Grodi* v. *Mierow,* 244 Mich. 511. However, plaintiff's right to act on such assumption is qualified by his duty to use care commensurate with the dangers reasonably to be anticipated. In *Tregonning* v. *Castantini,* 243 Mich. 233, 236, we said:

"He had the right to assume that the defendant would operate his machine in accordance with the provisions of the law until, in the exercise of ordinary care, he either discovered, or should have discovered, that such was not the fact."

In the case of *In re Orr's Estate,* 297 Mich. 37, we quoted, with approval, the following statement from *Rhoades* v. *Finn,* 288 Mich. 262, 265:

" 'One can rely on the right of way and may assume that another will obey the law and observe such right unless circumstances indicate to the contrary. But he must always exercise that degree of care and caution that a reasonably prudent and careful person would exercise under the same or similar circumstances.' "

See *Stephens* v. *Koprowski, supra; Carey* v. *De Rose, supra; Koehler* v. *Thom, supra; Block* v. *Peterson, supra.*

The fact that the accident occurred at night did not relieve plaintiff from his duty to make proper observation of defendant's approaching truck or to use care commensurate with the dangers reasonably to be anticipated. In *DeCoopman* v. *Hammond, supra,* we said:

"The ordinarily prudent man needs no prodding to awaken to the fact that such failure to watch a known approaching danger in the nighttime, with ability, had he done so, to have avoided the collision, was want of reasonable care.

"If defendant was exceeding the speed limit, as claimed by plaintiff, such fact cannot be held an excuse of plaintiff's want of reasonable care."

Plaintiff cites the recent case of *Saunders* v. *Joseph, supra,* as being "almost identical to the present case." In the *Saunders Case* the plaintiff driver continued to observe defendant's car approaching the intersection and determined its speed to be 30 to 40 miles an hour. In the present case plaintiff did not continue his observation of defendant's approaching truck and did not form a judgment as to the speed of the truck. The factual situation in the *Saunders Case* and also in other cases cited by plaintiff readily distinguish them from the case at hand.

The present case is not one where distracting circumstances, adverse driving conditions, traffic congestion, unforeseen or unanticipated conditions resulted in a collision. It is a case wherein both plaintiff and defendant, with unobstructed views of each other, disregarded their own safety and the safety of others and proceeded, with disastrous results, to the point of collision. *Ayers* v. *Andary, supra.*

Our examination of the record convinces us that plaintiff was guilty of contributory negligence as

a matter of law. In view of our conclusion other questions presented by plaintiff and by defendant's cross-appeal do not require consideration.

Judgment for defendant affirmed, with costs to defendant.

CHANDLER, C. J., and BOYLES, NORTH, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.