AFMAN *v.* KRAKER.

AUTOMOBILES—INTERSECTIONS—RIGHT OF WAY—CONTRIBUTORY NEGLIGENCE.

> Eastbound plaintiff motorist who observed defendant's southbound car when both were about 50 feet from an intersection of city streets but failed to slow down or stop, notwithstanding he could have done so in time to avoid the collision, and speeded up instead, was guilty of contributory negligence as a matter of law, the fact that he approached the intersection from defendant's right not being an assurance of safety.

Appeal from Ottawa; Miles (Fred T.), J. Submitted April 8, 1943. (Docket No. 26, Calendar No. 42,318.) Decided May 19, 1943.

Case by Tyler Afman against Henry Kraker for damages to an automobile as a result of a collision

Assumption as to conduct of others as affecting standard of care, see 2 Restatement, Torts, § 290, comment b.

at an intersection. Judgment for plaintiff. Defendant appeals. Reversed without a new trial.

*Steg J. Lignell,* for defendant.

BOYLES, C. J.   This is a suit to recover for property damage arising out of a motor vehicle collision. The only question for decision is whether the plaintiff was guilty of contributory negligence as a matter of law.

The collision occurred about 11 o'clock in the forenoon of a dry, clear day in November, on dry pavement, at a street intersection in a residential district in the city of Holland.   The two streets were of equal width (30 feet) between curbs, both blacktop pavement, neither street being a through highway or having priority as such.   Plaintiff and defendant were the only eyewitnesses, and both testified.   The case was tried without a jury, and defendant appeals from a judgment of $757 for plaintiff.

Plaintiff was approaching the intersection from the west on 14th street at about 20 miles per hour, and defendant was approaching from the north on Maple street.   A house and a tree stood on the lot at the northwest corner of the intersection.   This house was 18 feet west of the sidewalk on Maple street, and the west line of the sidewalk was 15 feet west of the curb, so the house stood 33 feet west of the west curb, on Maple street.   It stood 20 feet north of the north line of the curb on 14th street.   This house and the tree interfered to some extent with the vision of both plaintiff and defendant in discovering the approach of each other's vehicles.   Plaintiff was approaching the intersection on defendant's right, and defendant drove into the intersection without slowing down.   For the purposes of this decision, we may assume that the defendant was guilty of negli-

gence. Was plaintiff guilty of contributory negligence as a matter of law?

Plaintiff testified that when he was 50 or 60 feet west of the west crosswalk on Maple street, which would be from 65 to 75 feet west of the west curb line of Maple street, he looked to the north and saw no car approaching on Maple street. The house obstructed his view of defendant's approaching vehicle. He looked to the south (Maple street) and saw a truck at a considerable distance "plenty far enough away so I had lots of time to get across the street." Later, plaintiff testified:

"There wasn't a thing I could see to the left when I looked the first time. I would say I could see 50 feet to my left on Maple street. In other words, I could see to my left about the same distance as I was from the intersection.

"*Q.* Did you continue to look to the left then, did you?

"*A.* No, I glanced back to the south and seen this truck coming. Then I looked back to the left. I was about 20—maybe 25 feet from the sidewalk at that time. This sidewalk is on the west side of Maple street. I then saw a car coming. I figured this car was about 50 or 60 feet back on Maple street. It was on its own side of the street."

From plaintiff's testimony it appears that defendant's car was then twice as far from the intersection as plaintiff's car but coming twice as fast. Yet plaintiff increased his speed into the intersection, relying on the right of way. From plaintiff's own testimony it is evident that he actually saw defendant's vehicle approaching the intersection when plaintiff was 20 or 25 feet west of the west *sidewalk* on Maple street, which would be 35 or 40 feet from the west *curb* line on Maple street, and at least 50 feet from the center of the intersection where the colli-

sion occurred. Plaintiff could have either slowed down or stopped in time to avoid the collision. He did not slow down or attempt to stop although, as he later testified, he could stop in 25 feet which would have allowed him to stop his truck short of the intersection. He testified:

"I see this car wasn't making any effort to stop, and then I thought to myself, the only thing to do is step on it and get away from him."

Defendant swerved his car to the left, toward the center. The two vehicles met at the center of the intersection. Plaintiff testified that after the collision he asked the defendant if he "didn't watch these corners * * * especially your right-hand corner." Plaintiff says he figured that the defendant would give him the right of way. Apparently he figured wrong. Insisting on one's right of way may be temporarily satisfactory but ultimately expensive. The fact that plaintiff approached the intersection on defendant's right was not an assurance of safety, plaintiff was still under the necessity of using due care, and did not do so. *Kerr* v. *Hayes,* 250 Mich. 19; *Koehler* v. *Thom,* 285 Mich. 593.

See, also, *Ayers* v. *Andary,* 301 Mich. 418; *Francis* v. *Rumsey,* 303 Mich. 526.

Reversed without new trial, with costs to appellant.

CHANDLER, NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.